(April 22, 1986)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DANIEL HANKINSON, Respondent.—Order of the Supreme Court, Bronx County (Martin B. Klein, J.), entered September

6, 1984, setting aside defendant-respondent's convictions, following a trial by jury, on the counts of robbery in the second degree (Penal Law § 160.10 [1]) and assault in the second degree (Penal Law § 120.05 [6]), and directing a new trial as to these counts with the instruction that a guilty verdict not be returned as to one or the other count, unanimously reversed, on the law, the jury verdict reinstated in its entirety and the matter remanded for defendant to be resentenced accordingly.

On March 27, 1984, defendant Daniel Hankinson was convicted by a jury of one count of robbery in the second degree, one count of assault in the second degree, and one count of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]). He was at the same time acquitted of the remaining counts in the indictment: two counts of robbery in the first degree (Penal Law § 160.15 [4], [3]) and one count of robbery in the second degree (Penal Law § 160.10 [2] [a]). After rendering its verdict, the jury was polled and discharged without objection by counsel. Some five months later, on September 5, 1984, defendant's counsel moved to set aside the verdict as repugnant. In its decision and order of September 6, 1984, the court initially noted that "[t]he verdict 'in form was in accordance with the court's instructions' and counsel did not point out any legal defect in the verdict prior to jury discharge." The court, however, proceeded, *sua sponte,* to determine, in the interests of justice, that the verdict was inherently inconsistent to the extent that defendant was convicted of second degree robbery, by forcibly stealing property aided by another, and second degree assault, and simultaneously acquitted of second degree robbery by causing physical injury to a nonparticipant in a crime. The court opined that the acquittal as to the last of these counts necessitated an acquittal as to at least one of the first two. A new trial was ordered of the two counts underlying the possibly inconsistent convictions with the express direction that a guilty verdict could not be returned on both. It is from this determination that the People appeal.

We note at the outset that defendant registered no objection to the verdict prior to the jury's discharge. The possibility of resubmitting the case to the jury to correct the legal defect in the verdict, supposing there was one, was thus foreclosed. For this reason the Court of Appeals has repeatedly held that a jury verdict may not be set aside on a motion pursuant to CPL 330.30 (1) unless an objection is taken to the verdict before discharge of the jury. *(People v Satloff,* 56 NY2d 745; *People v Stahl,* 53 NY2d 1048; *People v Bruckman,* 46 NY2d 1020.)

Generally, absent a timely objection, a matter is not preserved for appellate review (CPL 470.05); much less does it require reversal or modification on such review. Unless reversal or modification would be required on appeal a verdict may not be set aside in accordance with CPL 330.30 (1). This deficiency is not compensated for in the present case by the court's decision to act *sua sponte*. The statute provides no express authority for such action and we will not imply it where the integrity of a jury verdict is at issue. *(Cf. People v Carter,* 63 NY2d 530, 536-537.)

Yet even if it was appropriate for the trial court to entertain a CPL 330.30 (1) motion, the verdict was proper and should not have been set aside for repugnancy.

In contrast to the Federal rule *(see, Dunn v United States,* 284 US 390), inherently inconsistent verdicts are not allowed by the laws of this State. *(People v Tucker,* 55 NY2d 1, 6.) Consistency, or the lack thereof, is, however, not determined by impermissible speculation as to how the jury weighed the evidence, but by reference to the charge. *(Supra,* at pp 6-7.) It matters not how the jury reached its verdict or even if the verdict is logically inconsistent provided the verdict is not at odds with the charge. *(Supra,* at p 4; *see also, People v Goodfriend,* 100 AD2d 781, 782, *affd* 64 NY2d 695.) The present case illustrates the point well. Granting, arguendo, that the logical inconsistencies cited by the trial court exist, they do not require that the verdict be set aside because these inconsistencies are expressly sanctioned by the charge. The court specifically instructed the jury "As I told you earlier, each count must be considered separately by you as though it was a separate indictment all by itself. Each count is completely independent of the others." Plainly, the charge allowed for any measure of internal inconsistency in the verdict and thereby eliminated all basis for a repugnancy challenge. The charge was improper in this respect since it essentially employed the Federal rule enunciated in *Dunn v United States (supra).* Repugnancy being at issue, however, the correctness of the charge is not subject to question. *(People v Tucker, supra,* at p 4; *People v Hampton,* 61 NY2d 963, 964.) Concur— Murphy, P. J., Carro, Milonas, Rosenberger and Ellerin, JJ.