■ EDWARD ZAWISTOWSKI, Petitioner-Respondent, v RICH- ARD J. ARCARA, as District Attorney of Erie County, Respon- dent-Petitioner, and TIMOTHY J. DRURY, as Erie County Judge, Respondent.—Application unanimously denied and petition dismissed; cross petition unanimously granted without costs and matter remitted to Supreme Court, Erie County, Kubi- niec, J., for sentencing. Memorandum: In this CPLR article 78 proceeding originating in this court, petitioner seeks a judg- ment of prohibition to bar his retrial on 11 charges, including attempted murder, assault and burglary resulting from an attack by petitioner on his former wife. Respondent District Attorney filed a cross petition in the nature of mandamus seeking an order reinstating the verdict and directing the trial court to impose sentence on defendant. The first trial was terminated when the court *sua sponte* set aside its own verdict over defendant's objection because defendant had not signed the written waiver of his right to a jury trial as required by article I, § 2 of the NY Constitution and CPL 320.10.

The trial court erred in setting aside its own verdict *sua sponte.* Upon an application by the defendant, the trial court at any time before sentencing may set aside the verdict on limited grounds (CPL 330.30). No such application was made by defendant; thus the court acted without authority *(cf., People v Hankinson,* 119 AD2d 506, 508, *lv denied* 68 NY2d 668; *People v Collins,* 72 AD2d 431, 437). Accordingly, the cross petition in the nature of mandamus is granted, the verdict is reinstated, and the trial court is directed to impose sentence. In view of this disposition, defendant's petition seeking to bar his retrial is premature. Unless the judgment is vacated subsequent to sentence, there can be no threat of retrial. (Article 78 proceeding.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.