*1031 OPINION OF THE COURT
Franklin T. Russell, J.
Defendant, Jonathan W. Sirkin, is accused upon a simplified traffic information of a violation of section 509 (4) of the Vehicle and Traffic Law, the alleged violation occurring on October 29, 1989 in the Town of Arcadia, County of Wayne. On or about December 15, 1989 counsel for defendant, by telephone, requested a supporting deposition of the Clerk of the Court. Whereupon, and on December 15, 1989, the court ordered the complainant police officer to serve a copy of such supporting deposition upon defendant’s attorney. The Court Clerk, then, adjourned the matter to the court’s calendar for January 19,1990.
The supporting deposition was served upon defendant’s attorney on January 3, 1990, a copy of the supporting deposition being filed with the court together with proof of service thereon, pursuant to CPL 100.25 (2). On January 17, 1990, counsel for defendant telephoned the court requesting another adjournment. The adjournment was granted until February 2, 1990. A few days later, the court received a letter from defendant’s attorney, dated January 18, 1990, acknowledging receipt of the supporting deposition and requested a trial date. On January 25, 1990, the Court Clerk forwarded a notice that the trial was scheduled for 9:00 a.m. on February 23, 1990. Thereafter, and on or about February 15, 1990, counsel for defendant filed a notice of motion with the court, returnable on February 23, requesting an order dismissing the charge on the basis that the supporting deposition was defective. Counsel contends that the supporting deposition does not state facts which would satisfy all of the elements of the alleged violation, primarily whether defendant knowingly permitted an unlicensed operator to operate the motor vehicle. As such, counsel avers that it is impossible to prepare for trial. Defendant’s attorney copied the District Attorney with the notice of motion.
The issue concerning the court is the timing of the filing of the notice of motion.
"[A]ll pre-trial motions shall be served or filed within forty-five days after arraignment and before commencement of trial, or within such additional time as the court may fix upon application of the defendant made prior to entry of judgment.” (CPL 255.20 [1].)
Inasmuch as the defendant never appeared before the court *1032 until February 23, 1990, the court must determine when the arraignment took place in order to calculate the 45 days within which counsel is required to file the pretrial motion.
" 'Arraignment’ means the occasion upon which a defendant against whom an accusatory instrument has been filed appears before the court in which the criminal action is pending for the purpose of having such court acquire and exercise control over his person with respect to such accusatory instrument and of setting the course of further proceedings in the action.” (CPL 1.20 [9] [emphasis added].)
If the purpose of the arraignment is to inform the defendant of the charge against him, insure that he has been furnished with a copy of the accusatory instrument and advised of his right to counsel, then it may be reasonably inferred that arraignment took place in this matter at sometime on or before December 15, 1989. Further, and referring to the aforementioned definition of "arraignment”, by counsel’s telephone call to the Court Clerk on or about December 15, 1989, requesting a supporting deposition, counsel was "setting the course of further proceedings in the action”.
It is apparent that counsel for defendant believed that his client was entitled to a supporting deposition and, thus, the request was made.
"A defendant arraigned upon a simplified information is, upon a timely request, entitled as a matter of right to have filed with the court and served upon him, or if he is represented by an attorney, upon his attorney, a supporting deposition of the complainant police officer” (CPL 100.25 [2] [emphasis added]).
By virtue of counsel’s December 15th request, this court finds counsel has acquiesced to the fact that his client is arraigned. Such acquiescence is confirmed by the fact of the January 18, 1990 letter requesting a trial date and the subsequent notice of motion to dismiss based upon the allegation of a defective supporting deposition, with no allegation being raised at any time, to include the appearance before the court on February 23,1990, of lack of jurisdiction over the person of the defendant. If one accepts the premise that defendant was arraigned when defendant’s counsel made the written trial request on January 18, then at what point prior to that date did the arraignment take? The only date of significance is December 15, when the supporting deposition was requested. Nothing involving the court occurred between those dates.
*1033 Therefore, it is the decision of this court that any pretrial motions, such as the notice of motion herein to dismiss on the basis of a defective supporting deposition, must have been made no later than January 31, 1990, a date four weeks after the supporting deposition was served upon defendant’s counsel and 12 days after defendant’s counsel wrote the court acknowledging receipt of the supporting deposition and requesting a trial. When such motion was not timely forthcoming and without any request for an extension as permitted by CPL 255.20 (1) having been made, the court must give effect to the statute as written and dismiss the motion as untimely.
Therefore, defendant’s motion to dismiss the charge for failure to furnish an adequate supporting deposition is denied.