■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD ZAWISTOWSKI, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: Because defendant, in this nonjury trial, did not sign a written waiver of his right to a trial by jury, his conviction cannot be sustained *(see,* NY Const, art I, § 2; CPL 320.10). It is difficult to comprehend why the trial court, having initially recognized this fundamental error, refused to grant defense counsel's timely CPL 330.30 motion *(see, Zawistowski v Arcara,* 132 AD2d 1000, *lv denied* 70 NY2d 604). Additionally, it was error for Supreme Court to close the courtroom, over defendant's objection, without making adequate inquiry or possessing a compelling reason for doing so, during the testimony of the alcoholism counselor *(see, People v Jones,* 47 NY2d 409, 413-417, *cert denied* 444 US 946). Further, the trial court overstepped its bounds and assumed the role of a prosecutor by engaging in excessive examination of witnesses and, on its own motion, recalling a witness to testify after the close of the prosecution's case *(see, People v Jacobsen,* 140 AD2d 938, 940; *People v Ellis,* 62 AD2d 469, 470-471).

We have reviewed defendant's remaining contentions and find them without merit. (Appeal from judgment of Supreme

Court, Erie County, Kubiniec, J.—attempted murder, second degree.) Present—Callahan, J. P., Doerr, Denman, Green and Lawton, JJ.