*1016 OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously reversed on the law, fine and surcharge, if paid, remitted and matter remanded for a new trial.
Prior to trial, a hearing was held to determine the admissibility of "Drug Influence Evaluation,” a protocol in the form of a series of tests developed to permit trained personnel to determine drug ingestion. The facts developed at the hearing are set forth at length in the opinion of the hearing court upholding the scientific reliability of the protocol (153 Misc 2d 139). After the hearing, the issue of guilt was submitted on an agreed statement of facts, which, in addition to evidence based on the "Drug Influence Evaluation,” stipulated, inter alla, that the People would offer testimony at trial that defendant drove erratically, was given the Miranda warnings and thereafter admitted using cocaine on the evening in question; that she was in possession of a substance determined to be cocaine after laboratory analysis and that she submitted to a blood test which determined the presence of cocaine and diazepam (Valium), also a controlled substance (Public Health Law § 3306). The defendant also stipulated to the accuracy of the laboratory reports and to proper chain of custody. Based upon the foregoing, defendant was found guilty of driving while her ability was impaired by drugs.
A defendant may properly submit the issue of his guilt to a court trying the matter without a jury (see, People v Mills, 103 AD2d 379; see also, People v Williams, 161 AD2d 295). However, in such cases, it is still essential that a defendant entitled to a jury trial waive that right in the manner provided in CPL 320.10 (see, NY Const, art I, § 2; see also, People v Zawistowski, 168 AD2d 950). Defendant herein, having been charged with a misdemeanor punishable by imprisonment up to one year, was clearly entitled to a jury trial and therefore, the failure of the record to contain a written jury waiver requires reversal of her conviction (see, Vehicle and Traffic Law § 1193 [1] [b]; Matter of Morgenthau v Erlbaum, 59 NY2d 143, cert denied 464 US 993; People v Zawistowski, 168 AD2d 950).
With regard to defendant’s contentions regarding the scientific reliability of the "Drug Influence Evaluation” the matter
*1017 need not be considered in view of the foregoing disposition. However, we would note that in light of the overwhelming evidence of guilt, any error in admitting such testimony would clearly be harmless (People v Crimmins, 36 NY2d 230).
DiPaola, P. J., Stark and Luciano, JJ., concur.