■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAUDE VILLENEUVE, Appellant. [649 NYS2d 80] —Mikoll, J. P. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered November 21, 1994, upon a verdict convicting defendant of the crimes of manslaughter in the second degree, leaving the scene of an automobile accident resulting in death, driving while ability impaired by drugs, reckless driving and speed not reasonable and prudent.

Defendant was indicted for murder in the second degree, manslaughter in the second degree, vehicular manslaughter in the second degree, leaving the scene of an automobile accident resulting in death, driving while ability impaired by drugs, reckless driving, speed not reasonable and prudent, and unlawful possession of marihuana. The matter arises from a two-car accident which occurred in the Town of Ausable, Clinton County. Defendant struck another vehicle, while driving at a high rate of speed, causing it to ignite and killing the other driver.

Defendant was apprehended by State Trooper Robert Cronin as he was walking down the road, some 1.2 miles from the accident scene, 10 minutes after the collision occurred. Defendant said he was walking home to Montreal. He said that he had been driving down a hill too fast and hit another car in the rear. Upon returning defendant to the accident scene defendant was administered a sobriety test by State Trooper Shawn Murphy, who testified that defendant said "he had snorted a line of cocaine two days ago". Defendant was thereafter advised of his Miranda rights and taken to a hospital. After examination, defendant was then taken to the police station and once again advised of his Miranda rights, which he waived. He thereafter signed a written confession in which he

admitted to driving his car in excess of 100 miles per hour, smashing into the victim's car, igniting it and causing the driver's death, and thereafter leaving the scene of the accident.

Defendant's motion to suppress his confession and statements made to Cronin and Murphy was denied. Defendant was found guilty after trial of manslaughter in the second degree, leaving the scene of an automobile accident resulting in death, driving while ability impaired by drugs, reckless driving and speed not reasonable and prudent. Defendant was sentenced to a prison term of 5 to 15 years for manslaughter in the second degree, $1^1/_3$ to 4 years for leaving the scene of an automobile accident resulting in death, six months in jail and a $500 fine for driving while ability impaired by drugs, and 30 days and a $50 fine for reckless driving; all sentences are to run concurrently.

On this appeal defendant asserts that leaving the scene of an accident (count four of the indictment), should have been dismissed at the end of the People's case because there was no clear evidence indicating that defendant intentionally left the scene. We disagree. The record fully supports the conclusion that defendant knew he had been in an accident and left the scene thereof without providing any information to the police. His assertion that there were no police to report to at the accident scene is also rejected in view of his absenting himself therefrom almost immediately. Defendant, citing to *People v Skelly* (52 Misc 2d 606), further urges that count four was defective because it fails to state that defendant did not report the accident "as soon as physically able to do so". Because defendant failed to challenge the adequacy of the indictment at the trial level, the matter is not preserved for appeal and we decline to address it (*see, People v Soto*, 44 NY2d 683; *see also,* CPL 210.10, 210.25).

Defendant next challenges County Court's misconstruction of his entitlement as a non-English speaking defendant in a criminal trial to an interpreter at the *Huntley* hearing. Defense counsel had informed the court that defendant needed an interpreter for the hearing. Following the *Huntley* hearing, County Court reconsidered its ruling and did offer defendant an opportunity to request an interpreter for trial. Defendant's assertions as to error in denying him an interpreter are thus limited to the *Huntley* hearing since defendant did not request an interpreter thereafter.

Directing ourselves to the impact of County Court's denial of an interpreter to defendant, it was disclosed that defendant did speak accented English. Notwithstanding defense counsel's

contention that defendant's limited English-speaking abilities could have interfered with his understanding of what was said during the hearing, defendant offered no evidence of any instance when this occurred. We note that defense counsel is fluent in French and was able to fully communicate with defendant. We thus conclude that defendant's assertions are speculative at best and find that County Court's failure to appoint an interpreter constituted harmless error. Defendant was not deprived of effective assistance of counsel since his ability to communicate was not impaired. We find that due process rights of defendant were not implicated.

Defendant further objects to County Court's offer of an interpreter at trial. The court ruled as follows:

"The Court is of the opinion that if an interpreter is sought or requested, the Court would consider an interpreter to be named and aid the defendant in this matter based upon what the Court heard at the Huntley hearing in the sense of the defendant's ability or non-ability to understand the English language.

"If that is requested, and if that, and that's obviously up to counsel, but if it is requested, the Court would charge the jury so that the jury is clear as to what the interpreter is there for, and that they are not to infer from the fact that an interpreter has been assigned to be at counsel table with the defendant that they are not to infer that the defendant does not have proficiency in English or French but merely that he's there to aid and assist in his defense and that the, that the range of English capability of the defendant is an issue that they as a jury must determine, and that in the Court's assigning of an interpreter is not to be interpreted as being the Court making a determination in any way of that fact."

Defendant did not thereafter request an interpreter and contends on this appeal that County Court's ruling was prejudicial. We disagree. The ruling did not prevent defendant from offering any evidence to the jury vis-à-vis his ability to speak and understand English. Defendant's assertions are thus rejected as meritless.

Defendant next challenges the denial of his motion to suppress certain statements made after the accident, his confession and the sobriety tests conducted on him. The record discloses that State Police Investigator John Dwyer testified that he interviewed defendant on the night of the accident and advised him of his *Miranda* rights, conducting an interview in English. Defendant acknowledged that he understood those rights and talked about the accident. Defendant seemed to

understand and answered questions in a sensible, responsive manner. Defendant, on the other hand, testified that he did not remember exactly what happened during the interview.

County Court denied suppression. We find that County Court's determination should not be disturbed. Credibility issues are the province of the trial court (see, People v Beverly, 220 AD2d 881, 883, lv denied 87 NY2d 898) and we cannot say that the court erred in rejecting defendant's contentions.

Defendant also made statements to Cronin as they were driving back to the scene of the accident. Defendant's statements to Cronin were made before any detention of defendant occurred. Defendant was not in custody. As such, County Court properly denied the motion to suppress these statements (see, People v Murphy, 188 AD2d 742, 743, lv denied 81 NY2d 890).

Defendant's attack on the admissibility of the sobriety tests given him by Murphy is also rejected. These were not testimonial or communicative in nature. County Court properly denied suppression thereof (see, People v Jacquin, 71 NY2d 825, 826). Defendant also challenges the admissibility of Murphy's testimony as a drug recognition expert. Murphy testified about his training, the tests given defendant, the process of metabolization of drugs by the body and specifically the metabolism of cocaine by this defendant. We reject defendant's challenge. The attack on Murphy's expertise was not supported by any evidence. Defendant's conclusary allegations as to Murphy's limitations as an expert fail to make out a ground for exclusion of his testimony.

Defendant also challenges the imposition of a sentence of 5 to 15 years for manslaughter in the second degree as excessive. We find no abuse of discretion or the existence of extraordinary circumstances which would require our intercession (see, People v Delgado, 80 NY2d 780, 783). Defendant was driving at an excessive rate of speed, over 100 miles per hour, after having ingested cocaine, slammed into the back of the victim's car, putting it aflame and causing the victim's fiery death. Testimony indicates that defendant's acts were motivated by suicide and that he then departed the scene, doing nothing to assist in the situation. We find the sentence justified under the circumstances.

Crew III, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.