OPINION OF THE COURT
Kenneth L. Gartner, J.
The defendant’s motion to dismiss the misdemeanor criminal charge against her of driving while ability impaired by drugs, requires this court to review an area in which there is a conflict between recent trial court opinions from the First Judicial Department, and trial court and appellate opinions from the Second and Third Judicial Departments.
A driving while impaired by drugs prosecution requires that the individual’s impairment be shown to have been caused by a drug specifically listed in the Public Health Law. Recent First Department courts have held that any such prosecution must therefore be based on either an admission by the defendant that he or she has used the specified, drug, or a chemical analysis of the defendant’s blood or urine showing the presence of the drug. This requirement concededly allows an individual such as the instant defendant, who neither admits drug use nor consents to a chemical test, to escape prosecution. Second and Third Department courts, however, have determined that opinion testimony from police trained as drug recognition experts as to the identity of the drug causing the impairment is admissible, thus allowing it to supply the required element.
*186 This court follows the Second and Third Departments precedent, and denies the defendant’s motion.
The defendant is charged with, inter alia, violating Vehicle and Traffic Law § 1192 (4) (“[d] riving while ability impaired by drugs”).
The supporting deposition of the police officer states that he was called to the area outside an establishment called “Iceland,” on a Tuesday morning, at 4:37 a.m., by the report of a fight. Upon arriving, there was no fight, but the defendant’s vehicle was parked in the lot with the engine running and the lights on. In speaking to the defendant and “her passenger,” he noted that the defendant “was extremely unsteady on her feet, [had] watery eyes, and had an extremely hard time to understand even the simplest of instructions.” Upon testing, the defendant’s blood alcohol level was .00%, showing the absence of alcohol. Although the defendant refused a request to have a urine sample given for testing, “a full DRE was administered at CTS,” and the defendant was arrested and charged with driving while impaired by a drug in violation of Vehicle and Traffic Law § 1192 (4).
Defense counsel argues that the first insufficiency arises from the fact that there is no specific statement in either the simplified traffic information or the supporting deposition that the defendant was actually observed behind the steering wheel, in the driver’s seat, or even in the vehicle. The statement that the other person present was “her [i.e., the defendant’s] passenger,” argues defense counsel, “merely infers that [the defendant] was the driver.”
Defense counsel argues that the second insufficiency arises from the fact that neither the simplified traffic information nor the supporting deposition anywhere specify the drug which allegedly impaired the defendant.
With respect to the first claimed insufficiency, regarding “operation,” in People v Cunningham (274 AD2d 484, 484 [2d Dept 2000]), the Court held, quoting People v Alamo (34 NY2d 453, 458 [1974]): “Operation of the vehicle is established on proof that the defendant was merely behind the wheel with the engine running without need for proof that the defendant was observed driving the car, i.e., operating it so as to put it in motion.” (Accord, People v Lloyd, 2002 NY Slip Op 50624[U] [App Term, 2d Dept 2002].) Therefore, the fact that the vehicle was never observed in motion does not render the instrument defective, since the vehicle was reported to have its engine running. *187 As far as the alleged absence of support for the defendant’s having been behind the wheel is concerned, as held in People v DeRojas (180 Misc 2d 690, 691 [App Term, 2d Dept 1999]): “It is statutorily dictated that a simplified traffic information has different, and lesser, requirements for facial sufficiency than a misdemeanor information.”
In fact, a simplified traffic information is not required to have factual allegations of an evidentiary nature, whether hearsay or nonhearsay (CPL 100.10 [2] [a]), and if a supporting deposition is requested it can be based on hearsay or nonhearsay so long as it provides a reasonable cause to believe that defendant committed the charged offenses (CPL 100.25 [2]).
The required provision of “reasonable cause to believe that the defendant committed the [charged] offense” (CPL 100.25 [2]) may be supplied by facts which permit an inference that a required element, such as “operation” of a motor vehicle, was present, with no requirement of more direct proof. (See, People v Key, 87 Misc 2d 262, 266 [App Term, 2d Dept 1976], affd 45 NY2d 111 [1978]; accord, People v Roth, NYLJ, Mar. 30, 2001, at 24, col 5 [Nassau Dist Ct, Kluewer, J.].)
Consequently, the affidavit of the police officer stating that the other individual was “the passenger” of the defendant in the vehicle permits, as counsel acknowledges, an inference that the defendant was “the driver” of the vehicle. Indeed, even if the defendant were not to have been observed in the vehicle, but merely near it, the totality of the circumstances — including proximity to the vehicle, the fact that the lights were on and the engine running, and the presence of a “passenger” — could suffice. (Compare, People v Booden, 69 NY2d 185, 187-188 [1987], with People v Kaminiski, 143 Misc 2d 1089, 1093-1095 [Crim Ct, NY County 1989, Beeler, J.].)
Moreover, what was annexed and affixed to the simplified traffic information was in fact a combined “DUI/DWI Supporting Deposition and Bill of Particulars,” subscribed to by the arresting officer. The bill of particulars portion of the document does in fact specifically record the arresting officer’s “observation” that the defendant was “at wheel,” “in vehicle,” with “keys in ignition,” and “motor on.”
A bill of particulars is generally not a discovery device, but a written statement by the prosecutor which serves to clarify the pleading. (See, Peter Gerstenzang, Handling the DWI Case in New York §§ 20:56, 20:58 [2003-2004 ed].) A defendant charged by way of a simplified traffic information is not entitled to a bill *188 of particulars upon demand (Gerstenzang §§ 20:56, 20:59, supra). When a bill of particulars is used in conjunction with an instrument such as a long form information, which must be supported by nonhearsay allegations, the prosecutor’s hearsay statements therefore cannot cure a deficiency. (See, Gerstenzang § 20:60, supra, citing People v Alejandro, 70 NY2d 133, 138 [1987].) However, if voluntarily provided in conjunction with a simplified traffic information, whose supporting deposition may be based upon information and belief, and if in fact subscribed to by the arresting officer as part and parcel of the supporting deposition, a bill of particulars must be considered in assessing the instrument’s sufficiency. (See, e.g., People v Giacopelli, 171 Misc 2d 844, 853 [Just Ct 1997] [considering the charges against the defendant with reference to “simplified traffic informations (and) supporting deposition-bill of particulars (filed and served upon defendant in this case)”].) In this case, it renders the instrument sufficient in this regard.
With respect to the second claimed insufficiency, regarding the drug impairment, not only is there no mention in either the simplified traffic information or the supporting deposition of the identity of any drug under which the defendant was purportedly under the influence, but both the supporting deposition and Criminal Procedure Law § 710.30 notice served upon the defendant record the defendant’s persistent denial of having been under any such influence. In addition, the defendant has now, in conjunction with the instant motion, submitted what purports to be a “clean” toxicology screening allegedly performed within 48 hours of the incident by the defendant’s own laboratory.
However, the supporting deposition does refer to a “full DRE” having been administered at CTS (the Nassau County police central testing station) prior to the arrest of the defendant. The inference drawn is that the arrest was based upon the results of that “full DRE.” In fact, the People served voluntary disclosure forms (VDFs) upon the defendant. Included within those VDFs was a two page “drug influence evaluation.” Purportedly completed by a “drug recognition expert” (DRE), this evaluation, after detailing the investigation, examination, and testing to which the defendant was subjected, and upon which the drug recognition expert’s opinion is based, concludes: “Opinion of DRE: I am of the opinion that the subject ... is under the influence of PGP and Cannabis and her ability to operate a vehicle safely is impaired.”
*189 The utility of this opinion remains a matter of some controversy, with some recent case law supporting the proposition that it has no legal value. Were this proposition accepted, dismissal would be appropriate here.
It was held in People v Grinberg (4 Misc 3d 670, 672 n 1 [Grim Ct, Kings County 2004, Margarita Lopez Torres, J.]), that:
"[C]hemical analysis is necessary for a prosecution under Vehicle and Traffic Law § 1192 (4) for driving while ability is impaired by drugs. This is because one of the elements of this offense is that the drug or substance alleged to have caused the defendant’s impairment must be listed in section 3306 of the Public Health Law. (People v Kahn, 160 Misc 2d 594, 598 [Nassau Dist Ct 1994].) Absent such chemical analysis, or perhaps defendant’s admission, the prosecution could not prove that the defendant was impaired by one of the listed drugs. The court is not unmindful of the People’s argument that there appears to be a gap in the legislative scheme, that is, one that allows drivers who appear to be under the influence of drugs and who refuse to take a blood or urine test to escape prosecution. However, this gap must be filled by legislative action and not by judicial fiat.” (Accord, People v Ortiz, 6 Misc 3d 1024[A], 2004 NY Slip Op 51821[U] [Crim Ct, Bronx County 2004, Margulis, J.].)
In Ortiz, the court rejected the argument that the officer’s observations, standing alone, were sufficient to provide reasonable cause to believe that the defendant was under the influence of a drug prohibited by Vehicle and Traffic Law § 1192 (4). Concluding that ££[u]nlike the symptoms of intoxication, which are universally recognizable, the effects of any particular drug or class of drugs listed in Public Health Law § 3306, are not necessarily uniform in the way they affect an individual’s appearance,” and that, therefore, “[b] arring defendant’s admission, only a laboratory analysis can provide the threshold facts to show defendant ingested a drug . . . Any other interpretation would allow a non-expert to speculate as to which drug was ingested by defendant.” (2004 NY Slip Op 51821[U], *4 [citations omitted].)
However, in Gerstenzang (§ 10:8, at 177, supra), it is observed that:
“Over the last several years, the Los Angeles Police Department has developed a series of clinical and *190 psycho-physical examinations. These procedures are designed to enable trained police officers to determine whether a suspect is under the influence of drugs and, furthermore, what category of drugs he has been using . . . [T]he Nassau County Police . . . have been actively involved in the training of police officers in these procedures.
“The program and procedures are controversial in that their end product is the expression of an opinion by the drug recognition expert (‘DRE’) as to the use by a defendant of a particular category of drugs.”
While Gerstenzang editorializes that “the admissibility of an opinion by a drug recognition expert is questionable” (id.), Gerstenzang goes on to note that such opinions have been determined to be admissible in New York, at least in the Second and Third Judicial Departments.
In fact, in People v Quinn (NYLJ, Oct. 28, 1991, at 37, col 4 [Suffolk Dist Ct, Dounias, J.]), the DRE procedure was subjected to a hearing to determine its scientific validity pursuant to the standards set forth in Frye v United States (293 F 1013 [DC 1923]), and People v Middleton (54 NY2d 42 [1981]), and was determined to be admissible. (See also, People v Quinn, 153 Misc 2d 139 [Suffolk Dist Ct 1991, Block, J] [referring to and relying upon Judge Dounias’ earlier Frye determination in convicting the defendant following a bench trial], revd on unrelated grounds 158 Misc 2d 1015 [App Term, 2d Dept 1993].)
And in People v Villeneuve (232 AD2d 892, 894 [3d Dept 1996]), the Appellate Division rejected a challenge to the admissibility of testimony of a police officer as a drug recognition expert.
Under Villeneuve and Quinn, therefore, the conclusion of Grinberg and Ortiz that there is a strict “admission or analysis” requirement which forms the sole criteria for proceeding under Vehicle and Traffic Law § 1192 (4) is incorrect. The written record of an opinion of a DRE can, and in the instant case does, provide “reasonable cause” for believing that the defendant committed the offense charged.
The issue thus devolves here to whether the failure to have referred to, summarized, or annexed the drug influence evaluation to the supporting deposition renders the accusatory instrument dismissible.
It would appear that it does. As stated by Preiser, Practice Commentaries (McKinney’s Cons Laws of NY, Book 11 A, CPL *191 100.25, at 368), “[i]n what may be a rare case ... a timely filed deposition might not establish reasonable cause. Such failure renders the information insufficient on its face and dismissible.”
However, Preiser continues that “counsel should be aware that . . . filing an insufficient supporting deposition is not a jurisdictional defect. Thus, the insufficiency is waived by defense failure to move for dismissal.” (Id.) And as stated in Gerstenzang (§ 16:27, at 335, supra), “a motion to dismiss for lack of a sufficient supporting deposition, like all other pre-trial motions, must be made in accordance with N.Y. Grim. Proc. Law § 255.20 (1).”
Section 255.20 (1) requires pretrial motions to be made within 45 days of arraignment unless the court fixes additional time.
In People v Key (87 Misc 2d 262, 266 [App Term, 2d Dept 1976]), the Appellate Term held that a supporting deposition voluntarily provided to the defendant (just as apparently occurred in the instant case), must meet the same statutory requirements as if it had been demanded, and that where it fails to set forth necessary facts (such as, there, those from which “operation” could be inferred), it renders the instrument insufficient. However, in affirming the Appellate Term’s reversal of the lower court’s dismissal of the instrument in Key, the Court of Appeals observed (45 NY2d 111, 116-117 [1978]), that such a defect is waivable. “Since a simplified traffic information can proceed to trial without any supporting deposition at all, and hence without any facts providing reasonable cause, it is unacceptable that absence of a factual allegation in the deposition is nonwaivable.” In Key, since “the motion was not timely made,” the failure to adequately allege “operation” was waived. (45 NY2d at 116; accord, People v Beattie, 80 NY2d 840 [1992].)
In People v Myrthil (1 Misc 3d 133[A], 2003 NY Slip Op 51631[U], *1 [App Term, 2d Dept 2003]), the Appellate Term unanimously affirmed a judgment of conviction, holding that “defendant failed to make a timely motion to dismiss the simplified information (see GPL 170.30; 255.20).” (People v Sirkin, 146 Misc 2d 1030 [Just Ct, Town of Arcadia 1990].)
The instant case has been pending for almost two years, was on the trial calendar more than half a dozen times, and has been substantially delayed by the defendant herself having spent almost a full cumulative year in warrant status. The only defect which could support dismissal is the failure to summarize, include in, or annex to the supporting deposition itself a document which would supply the missing element. This document *192 has been in the defendant’s possession for almost two years, having been supplied 48 days after arraignment. If granted, the defendant’s motion would do no more than at this extremely late date force the case to be refiled. (See, People v Nuccio, 78 NY2d 102 [1991]; People v Green, 192 Misc 2d 296, 298 [Nassau Dist Ct 2002, Kleuwer, J.].) Under these circumstances, the motion is untimely, and any alleged defect has been waived.
The motion is denied.