OPINION OF THE COURT
Dena E. Douglas, J.
Defendant, Victoria A. Hill, is charged with driving while impaired by drugs pursuant to Vehicle and Traffic Law § 1192 (4) and unlawful possession of marijuana pursuant to Penal Law § 221.05.
Unlawful possession of marijuana is a violation punishable by a fine of not more than $100, unless defendant has a recent prior conviction under article 220 or 221 of the Penal Law. Driving while impaired by drugs is a class A misdemeanor pursuant to Penal Law § 55.10 (2).
Defendant Hill was arraigned on October 7, 2006. On March 7, 2007 defendant filed an omnibus motion to dismiss all the charges for facial insufficiency of the accusatory instrument, to suppress all evidence pursuant to CPL 710.20 (1), (3) and (6) and for a Dunaway/Mapp hearing pursuant to CPL 710.60 (4).
The court has reviewed the defendant’s moving papers, the People’s response, relevant statutes and case law, and, for the reasons discussed hereafter, denies the defendant’s motion to dismiss the charges for facial insufficiency but grants the defendant’s motion for suppression of evidence and tangible property to the extent of ordering a Mapp/Dunaway hearing. Facial Sufficiency
The defendant moves to dismiss the information pursuant to CPL 100.25, 100.30 and 170.35 alleging that it is defective in that the prosecution has failed to file the results of any urine test showing an impairment to drive. Section 100.25 entitles defendant to have filed with the court and served upon her the supporting deposition of the complainant police officer and describes other form, content and notice requirements related to a simplified information. Section 100.30 describes the verification process for an information, misdemeanor complaint, felony complaint, supporting deposition and proof of service of a supporting deposition. Section 170.35 defines the word “defective” as used in CPL 170.30 which describes the process for defendant to move for dismissal of an accusatory instrument after arraignment.
*178 An accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution. (People v Case, 42 NY2d 98 [1977].) In order to be considered facially sufficient, an accusatory instrument, together with any supporting depositions, must allege facts of an evidentiary character supporting or tending to support the offenses charged (CPL 100.15 [3]). It must also provide reasonable cause to believe that the defendant committed the offense charged (CPL 100.40 [1] [b]); and it must contain nonhearsay allegations which establish, if true, every element of the offense charged and the defendant’s commission thereof (CPL 100.40 [1] [c]). Mere conclusory allegations will render the instrument defective (People v Dumas, 68 NY2d 729 [1986]).
The instant accusatory instrument, or information, charges defendant with the commission of the aforementioned crimes of driving while impaired by drugs and unlawful possession of marijuana on October 7, 2006, at about 00:31 hours (12:31 a.m.), at 12th Avenue and West 56th Street in the county and state of New York. Included is a supporting deposition of the arresting officer stating that he observed defendant driving the vehicle, that there was a strong odor of marijuana emanating from inside the vehicle, that a partially burnt marijuana cigarette was recovered from inside the automobile in plain view, and that defendant had watery and bloodshot eyes and slurred speech. The arresting officer describes his professional training in the identification of drugs and his prior experience in drug arrests. A field test for the marijuana cigarette is also present. Defendant does not allege that a supporting deposition was not filed or served or that its particulars do not provide nonhearsay allegations which establish, if true, every element of the offense charged and the defendant’s commission thereof, or that the allegations do not provide reasonable cause to believe that the defendant committed the offenses charged. Defendant alleges only that the prosecution has failed to file the results of defendant’s urine test. It is the court’s understanding upon the reading of this motion that defendant intends her motion to allege that, due to the absence of the urine test results, the complaint has not been converted to an information and thus is facially insufficient.
Well-established standards exist for courts reviewing accusatory instruments for facial insufficiency: “So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should *179 be given a fair and not overly restrictive or technical reading” (People v Casey, 95 NY2d 354, 360 [2000]).
There does not appear to be any mandatory authority directly addressing the issue of whether a laboratory report is necessary to convert a misdemeanor complaint into an information in drug impairment cases. Recent drug possession cases have held that a field test meets the requirements for conversion. See People v Van Hoesen (12 AD3d 5, 8-9 [3d Dept 2004]):
“Under our interpretation of Swamp [84 NY2d 725 (1995)], the People had legally sufficient evidence to proceed to trial when they indicated their readiness, namely, the testimony of the arresting officer and positive field test results, and the fact that formal laboratory results were not obtained until after the expiration of the CPL 30.30 statutory period does not mandate a finding that their statement of readiness was illusory” (citations omitted).
A less clear picture has developed, however, regarding the prosecution of defendants accused of driving while impaired. In contrast to cases where defendant is accused of possession, in many cases where the defendant is accused of driving while impaired there may be no amount of the drug available for laboratory analysis, in which case the defendant must consent to a chemical test or there must be an acceptable substitute for the field or laboratory test. Some courts have found that where defendant does not consent to a blood or urine test the People have failed to convert the complaint to an information, thus dismissing the action (People v Grinberg, 4 Misc 3d 670 [2004]; People v Ortiz, 6 Misc 3d 1024[A], 2004 NY Slip Op 51821[U] [2004]), while other courts have allowed the supporting deposition of a trained police officer to be accepted as the nonhearsay allegation required for conversion. (People v Rose, 8 Misc 3d 184 [Nassau Dist Ct 2005]; People v Dwyer, 8 Misc 3d 1017[A], 2005 NY Slip Op 51135[U] [Watertown City Ct 2005].) The four-step test that has become standard usage for determining whether a defendant was driving while impaired was enunciated in People v Kahn (160 Misc 2d 594, 598 [Nassau Dist Ct 1994]):
“In order for the People to prove the defendant guilty beyond a reasonable doubt they must prove the following elements of the crime:
“(1) The defendant ingested a drug.
“(2) The drug ingested by the defendant is one proscribed by Public Health Law § 3306. (See, Vehicle *180 and Traffic Law § 114-a.)
“(3) After ingesting the drug, the defendant operated a motor vehicle. (See, Vehicle and Traffic Law § 125.)
“(4) While operating his motor vehicle the defendant’s ability to operate the motor vehicle was impaired by the ingestion of the drug.”
For facial sufficiency purposes, however, it must be emphasized that the prima facie requirement for conversion is not the same as the burden of proof beyond a reasonable doubt at trial. (People v Jennings, 69 NY2d 103 [1986]; see also People v Gonzalez, 2005 NY Misc LEXIS 3538 [2005].)
In 2004, the Bronx County Criminal Court, in People v Ortiz (6 Misc 3d 1024[A], 2004 NY Slip Op 51821[U], *3 [2004]), relied on the Kahn test to determine whether its accusatory instrument was facially sufficient:
“The nonhearsay allegations included in the factual part of the accusatory instrument charging defendant with the crime of Driving While Ability is Impaired by Drugs (VTL § 1192 [4]) should provide reasonable cause to believe that: 1) The defendant ingested a drug; 2) The drug ingested by the defendant is one proscribed by Public Health Law § 3306. (VTL § 114-a); 3) After ingesting the drug, the defendant operated a motor vehicle (VTL § 125); and, 4) While operating his motor vehicle the defendant’s ability to operate the motor vehicle was impaired by the ingestion of the drug. (See, e.g., People v Kahn, 160 Misc 2d 594, 597.)”
Ortiz (id. at *4) went on to conclude that:
“Barring defendant’s admission, only a laboratory analysis can provide the threshold facts to show defendant ingested a drug. (People v Knapp, supra, 164 Misc 2d at 221; People v Lopez, supra, 170 MisC 2d at 280.) Any other interpretation would allow a non-expert to speculate as to which drug was ingested by defendant. (Dumas, supra.)”
However, in 2005, People v Rose (8 Misc 3d 184, 185 [Nassau Dist Ct 2005]) declined to follow Ortiz, reaching back instead to earlier cases in order to convert the accusatory instrument by relying on the testimony of a trained police officer:
“Recent First Department courts have held that any such prosecution must therefore be based on either an admission by the defendant that he or she *181 has used the specified drug, or a chemical analysis of the defendant’s blood or urine showing the presence of the drug. This requirement concededly allows an individual such as the instant defendant, who neither admits drug use nor consents to a chemical test, to escape prosecution. Second and Third Department courts, however, have determined that opinion testimony from police trained as drug recognition experts as to the identity of the drug causing the impairment is admissible, thus allowing it to supply the required element.”
Rose (at 190) follows People v Villeneuve (232 AD2d 892, 894 [3d Dept 1996]) and People v Quinn (153 Misc 2d 139 [Suffolk Dist Ct 1991], reversed on unrelated grounds 158 Misc 2d 1015 [App Term, 2d Dept 1993]):
“[I]n People v Villeneuve (232 AD2d 892, 894 [3d Dept 1996]), the Appellate Division rejected a challenge to the admissibility of testimony of a police officer as a drug recognition expert.
“Under Villeneuve and Quinn, therefore, the conclusion of Grinberg and Ortiz that there is a strict ‘admission or analysis’ requirement which forms the sole criteria for proceeding under Vehicle and Traffic Law § 1192 (4) is incorrect. The written record of an opinion of a DRE [drug recognition expert] can, and in the instant case does, provide ‘reasonable cause’ for believing that the defendant committed the offense charged.”
Subsequently, in the Fourth Department, People v Dwyer (8 Misc 3d 1017[A], 2005 NY Slip Op 51135[U], *5 [Watertown City Ct 2005]), quoting Swamp (supra), opined: “As the Court of Appeals stated in People v. Swamp, a drug possession case, ‘prima facie evidence of the presence of a controlled substance need not be based on expert testimony. All that is required is a “reliable basis” for inferring such presence . . .’ (84 NY2d 725, 728-33).” Dwyer (id. at *5-6) also distinguished itself from Ortiz:
“Although the court in Ortiz did find that an officer’s observations alone would be insufficient to show a defendant under the influence of a drug, that case is distinguishable from the case at bar. In Ortiz, the defendant did not have marijuana in his possession, neither he nor his vehicle smelled of marijuana, he did not admit to having smoked *182 marijuana at some time on the day in question, and he did not fail several sobriety tests for coordination. Even without the laboratory analysis, this court can find no reason why the officer’s observations of these facts would not be sufficient to show that a defendant was under the influence of marijuana. Officer McCarthy testified about her training in detecting marijuana impairment, and while certainly the effects of all drugs listed in Public Health Law § 3306 are not ‘universally recognizable,’ the effects of marijuana certainly are.”
Since Ortiz is a criminal court case, it is not binding even within the First Department. A decision of a court of coordinate jurisdiction is not a binding precedent. (Matter of Cruikshank, 169 Misc 514, 515 [Sur Ct 1938].) In addition, in Mountain View Coach Lines v Storms (102 AD2d 663, 664 [1984]), the Appellate Division, Second Department, interpreted the rule of stare decisis as requiring that trial courts within the Second Department follow precedents set by the Appellate Division of another department until the Court of Appeals or the Appellate Division, Second Department, pronounces a contrary rule. The Court observed that such a requirement constituted a “general principal of appellate procedure . . . necessary to maintain uniformity and consistency” and was, moreover, justified by the status of the Appellate Division as a “single State-wide court divided into departments for administrative convenience.” (Id. at 664-665.) The Appellate Term, First Department, has relied on Mountain View in holding that the criminal court had followed the “correct procedural course” in deeming itself bound by a decision of the Appellate Division, Fourth Department. (People v Brisotti, 169 Misc 2d 672, 673 [App Term, 1st Dept 1996, per curiam], lv denied 89 NY2d 940 [1997]; see also People v Pestana, 195 Misc 2d 833, 838 [Crim Ct, NY County 2003].)
This leaves the Criminal Court of New York county not only free but obligated to follow both Villeneuve and Van Hoesen, both of which were before the Appellate Division, Third Department. Following the line of theory laid out by Rose and Dwyer leads us to the position that where testimony of a drug recognition expert is available or the testimony of a lesser expert is combined with an admission or other physical evidence, a laboratory test is not required for conversion of a complaint to an information in cases where the defendant is charged with driving while impaired under Vehicle and Traffic Law § 1192 (4). In the instant case, based upon the testimony of the arresting offi *183 cer, the physical evidence, and the similarity of the instant case to Dwyer, this court finds the accusatory instrument to have been converted to a facially sufficient information. Defendant’s motion to dismiss for facial insufficiency is denied.
Other Motions
Defendant’s motions to suppress physical evidence and tangible property are granted to the extent that a Mappl Dunaway hearing is to be held prior to trial. Defendant’s motion for a Sandoval hearing is referred to the trial court.
Defendant is directed to comply with the provisions of CPL 240.30 and 250.20. In addition, the People are reminded of their continuing obligations under Brady v Maryland (373 US 83 [1963]).