*772 OPINION OF THE COURT
Lawrence Donohue, J.
The defendant is charged with driving while under the influence of alcohol or drugs (Vehicle and Traffic Law § 1192 [4]). The defendant was charged with using marijuana. A probable cause, Huntley and refusal hearing was held.
The arresting officer testified that he observed the defendant driving on Montauk Highway in Patchogue. On two occasions, she swerved off the roadway and onto the road shoulder by half a car width. He then made a traffic stop. He went to the driver’s side window and observed the smell of marijuana. He asked who had marijuana. The defendant responded that “I just smoked some weed.” He asked her to exit the car. At the back of her car, he observed that her eyes were red and the pupils were pinpoint. The officer’s partner stated that “she was wasted.” The officer testified that he arrested her based on the smell of marijuana, her pupils and his observation that she was impaired. There were no drugs in plain sight. The arrest was at 11:55 p.m. There were no field sobriety tests.
At the precinct, the officer read the alcohol/drug influence report form to the defendant. It contains a request to take a chemical test, in this case a blood test, and admonitions for a refusal to take the test. At 12:25 a.m., the defendant consented to a blood test. The officer then put in an order for a physicians assistant to draw the blood. At 1:15 a.m. the physicians assistant arrived, at which time the defendant refused the blood test.
The officer testified that he has made over 20 arrests for driving while under the influence of marijuana. He can recognize the smell of marijuana. He was trained at the Suffolk Police Academy for one week on recognizing intoxication by alcohol, but this did not include how marijuana influences a driver’s capacity to drive. Nor did he receive any other training related to marijuana. Although verbal testing can be done at the precinct by an officer trained to observe the effects of marijuana, the defendant was not subjected to any testing. The motion to dismiss the accusatory instrument on the grounds that it was facially insufficient has been denied by order dated May 2, 2007.
Based on the officer’s testimony, this court has determined that the officer made a valid traffic stop. He can detain the driver in order to investigate a possible crime of driving while under the influence of drugs or alcohol. The statement made by the driver that she had just smoked marijuana was made in the *773 course of the investigation, so she was not under arrest. The statement was voluntary. Courts have established a four-step process of establishing a prima facie case for the violation of Vehicle and Traffic Law § 1192 (4): (1) The defendant ingested a drug; (2) The drug ingested by defendant is one proscribed by Public Health Law § 3306; (3) After ingesting the drug, the defendant operated a motor vehicle; (4) While operating the motor vehicle the defendant’s ability to operate the motor vehicle was impaired by the ingestion of the drug. (See People v Kahn, 160 Misc 2d 594, 597 [1994]; People v Hill, 16 Misc 3d 176 [2007].)
This test cannot be applied without qualification where the drug is marijuana. The possession of marijuana is a violation under Penal Law § 221.05. The possession of marijuana while driving does not constitute a misdemeanor. Any impairment that is less than substantial is not a misdemeanor but rather a traffic infraction. Thus, Vehicle and Traffic Law § 1192 (4) must be interpreted to mean that where marijuana is present the impairment must be substantial. This interpretation is presently in use where the charge involves alcohol (Vehicle and Traffic Law § 1192 [3]; see CJI2d[NY] Vehicle & Traffic Law § 1192 [3] [driving while intoxicated]), where a showing of substantial impairment is required. In the present case the People established the presence of marijuana by smell and the admission by the defendant that she smoked marijuana. The impairment was established by the observation of the swerving in the operation of the motor vehicle. However, that evidence did not rise to the level of showing a substantial impairment. (See People v Kahn, supra.) The mere presence of metabolites in the blood is insufficient to prove that a controlled substance actually impaired the defendant to drive. (See Gerstenzang, Handling the DWI Case in New York § 10:4 [2006-2007 ed], citing People v Mercurio, NYLJ, Aug. 30, 1993, at 25, col 5 [Suffolk County Ct].)
The police officer testified that he had made over 20 arrest for Vehicle and Traffic Law § 1192 (4) marijuana cases. He was experienced in detecting the presence of marijuana. He could not testify to any training or knowledge of the correlation between the ingestion of marijuana and the impairment in the ability to drive. Nor were any field sobriety tests employed that would show impairment of coordination in the defendant. Parenthetically, it can be noted that the correlation between alcohol and driving is common knowledge which need not be explained by an expert. The same cannot be said for marijuana *774 and driving. This correlation must be explained by witnesses with specialized knowledge.
The People have failed to establish probable cause for the arrest under Vehicle and Traffic Law § 1192 (4). That charge is dismissed. The issue of refusal is moot.