People v Tirado (2019 NY Slip Op 06285)





People v Tirado


2019 NY Slip Op 06285


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, CURRAN, AND TROUTMAN, JJ.


550 KA 17-00934

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SANDRO TIRADO, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered August 24, 2016. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree, criminal use of a firearm in the first degree, assault in the first degree, criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the seventh degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), criminal use of a firearm in the first degree (§ 265.09 [1] [b]), assault in the first degree (§ 120.10 [1]), criminal possession of a weapon in the second degree (§ 265.03 [3]), and criminal possession of a controlled substance in the seventh degree (§ 220.03). Defendant contends that County Court erred in admitting in evidence a hearsay statement that a four-year-old child made to a police detective, in which the child stated that defendant shot the child's mother. That contention is not properly before us. Although the court initially overruled defendant's objection and concluded that the statement was admissible under the excited utterance exception to the hearsay rule, the court later reconsidered that ruling and instructed the jury that they could not consider the statement for the truth of the matter asserted. The court further instructed the jury that they could consider that statement only to explain why the detective began questioning another witness about defendant and how that phase of the investigation began. Because the court reconsidered its ruling, defendant's contentions concerning the original ruling are moot (see generally People v Albanese, 38 AD3d 1015, 1018 n [3d Dept 2007], lv denied 8 NY3d 981 [2007]; People v Villeneuve, 232 AD2d 892, 893 [3d Dept 1996]). In any event, even assuming, arguendo, that the court erred in admitting the statement in evidence under the excited utterance exception to the hearsay rule, we conclude that such error is harmless (see People v Hernandez, 28 NY3d 1056, 1058 [2016]; People v Spencer, 96 AD3d 1552, 1553 [4th Dept 2012], lv denied 19 NY3d 1029 [2012], reconsideration denied 20 NY3d 989 [2012]). Defendant failed to preserve for our review his contention that he was denied his right of confrontation concerning the child's statement (see People v Liner, 9 NY3d 856, 856-857 [2007], rearg denied 9 NY3d 941 [2007]; People v Spirles, 136 AD3d 1315, 1316 [4th Dept 2016], lv denied 27 NY3d 1007 [2016], cert denied — US &mdash, 137 S Ct 298 [2016]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant failed to preserve his contention that the indictment is multiplicitous (see People v Fulton, 133 AD3d 1194, 1194-1195 [4th Dept 2015], lv denied 26 NY3d 1109 [2016], reconsideration denied 27 NY3d 997 [2016]; People v Quinn, 103 AD3d 1258, 1258 [4th Dept 2013], lv denied 21 NY3d 946 [2013]). In any event, we conclude that the
" indictment is not multiplicitous [inasmuch as] each count requires proof of an additional fact that the other does not' " (People v Jefferson, 125 AD3d 1463, 1464 [4th Dept 2015], lv denied [*2]25 NY3d 990 [2015]).
Defendant further contends that he may have been convicted by a non-unanimous jury because the trial evidence could have allowed a conviction on either the attempted murder or the assault counts based on the evidence that he shot the victim in the arm and that he shot her in the face. That is actually a claim of non-facial duplicity (see People v Allen, 24 NY3d 441, 448-449 [2014]), which requires preservation (see id. at 449-450; People v Zeman, 156 AD3d 1460, 1461 [4th Dept 2017], lv denied 31 NY3d 988 [2018]; People v Garner, 145 AD3d 1573, 1574 [4th Dept 2016], lv denied 29 NY3d 1031 [2017]), and defendant failed to preserve that contention. In any event, that contention lacks merit. It is well settled that "the jury need not necessarily concur in a single view of the transaction, in order to reach a verdict . . . [I]f the conclusion may be justified upon [more than one] interpretation[ ] of the evidence, the verdict cannot be impeached by showing that a part of the jury proceeded upon one interpretation and part upon the other' " (People v Mateo, 2 NY3d 383, 408 n 13 [2004], cert denied 542 US 946 [2004]; see People v Thomas, 114 AD3d 1138, 1139 [4th Dept 2014], lv denied 24 NY3d 965 [2014], cert denied — US &mdash, 135 S Ct 1502 [2015]).
Defendant further contends that the evidence is not legally sufficient to support the conviction, and that the verdict is against the weight of the evidence. Viewing the evidence in the light most favorable to the People (see People v Gordon, 23 NY3d 643, 649 [2014]), we conclude that the evidence is legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we also reject defendant's contention that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Finally, the sentence is not unduly harsh or severe.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court