OPINION OF THE COURT
Anthony A. Scarping, Jr., J.
This case presents a novel issue regarding the applicability of CPL 30.30 (5) (c) for which the court finds no statutory or case authority. When determining the appropriate period within which the People must be ready for trial, is CPL 30.30 (5) (c) applicable where a defendant is originally charged with a felony (assault in the second degree) and the felony complaint is dismissed after a preliminary hearing (without prejudice to the People filing a misdemeanor charge) and the defendant is subsequently reprosecuted with the filing of a misdemeanor information (assault in the third degree)?
Defendants Paul Pessoa and Tellran Williams argue that CPL 30.30 (5) (c) is only applicable where a felony complaint is replaced with or converted to an information, prosecutor’s information or misdemeanor complaint. Because all charges were dismisséd at a preliminary hearing, defendants contend that this does not fall within the specific guidelines of CPL 30.30 (5) (c) which requires the People to be ready in either 90 days from the filing of the new instrument, or the balance of six months allotted to the original felony, whichever is shorter. If CPL 30.30 (5) (c) is not applicable, then pursuant to CPL 30.30 (1) (b) the People must be ready within 90 days from the date that the defendant was originally charged.
A review of the record reveals the following case history:
August 21, 1986 — All defendants were arraigned on charges of assault in the second degree. Bail was set and at the request of defense counsel the matters were adjourned until September 4, 1986 for all purposes.
September 4, 1986 — Adjourned at defendants’ request to September 25, 1986.
September 25, 1986 — Adjourned to October 9, 1986 for all purposes, defendants’ request.
October 9, 1986 — Adjourned to November 6, 1986 all purposes, defendants’ request.
November 6, 1986 — Adjourned to December 2, 1986 for preliminary hearing at defendants’ request.
December 1, 1986 — Case is accelerated and adjourned to January 20, 1987 for preliminary hearing at defendants’ request.
*150 January 20, 1987 — Preliminary hearing conducted by the Honorable Barbara Gunther Zambelli. Defendant Merton Pessoa was held for the action of the Westchester County Grand Jury on the charge of assault in the second degree. Felony charges against the defendants Tehran Williams and Paul Pessoa were dismissed without prejudice to the People filing misdemeanor charges.
January 30, 1987 — Pursuant to an order of the Honorable Richard Daronco, at the request of the People, the case of People v Merton Pessoa was transmitted back to the City Court of Mount Vernon without submission to the Grand Jury, for further proceedings.
February 6, 1987 — Summonses issued against ah defendants on misdemeanor charges of assault in the third degree returnable February 13, 1987.
February 13, 1987 — Defendant Merton Pessoa was arraigned on the charge of assault in the third degree and resisting arrest. Defendants Paul Pessoa and Tehran Williams were arraigned on the charges of obstructing governmental administration and resisting arrest. People declared their readiness for CPL 30.30 purposes. The defendants requested an adjournment until April 1, 1987 for submission of their speedy trial motions.
April 1, 1987 — A11 cases adjourned at defendants’ request until April 23, 1987 for motions.
April 23, 1987 — Defendants’ motions are filed and People request May 6, 1987 for their reply.
May 6, 1987 — People’s reply filed and the matters marked fully submitted and adjourned for decision.
What is the appropriate time period pursuant to CPL 30.30 under this scenario? The history of ah the defendants’ cases are identical except that on January 20, 1987, after a preliminary hearing, the defendant Merton Pessoa was held for the action of the Westchester County Grand Jury while his codefendants, Tehran Williams and Paul Pessoa, had the charges dismissed by the Presiding Judge without prejudice to the People filing superseding misdemeanor informations.
Obviously, CPL 30.30 (5) (c) is applicable to the events that occurred as to the defendant Merton Pessoa. CPL 30.30 (5) (c) states: "where a criminal action is commenced by the filing of a felony complaint, and thereafter, in the course of the same criminal action either the felony complaint is replaced with or converted to an information, prosecutor’s information or mis *151 demeanor complaint pursuant to article 180 or a prosecutor’s information is filed pursuant to section 190.70, the period applicable for the purposes of subdivision one must be the period applicable to the charges in the new accusatory instrument, calculated from the date of the filing of such new accusatory instrument; provided, however, that when the aggregate of such period and the period of time, excluding the periods provided in subdivision four, already elapsed from the date of the filing of the felony complaint to the date of the filing of the new accusatory instrument exceeds six months, the period applicable to the charges in the felony complaint must remain applicable and continue as if the new accusatory instrument had not been filed”.
Translated into simpler English, CPL 30.30 (5) (c) indicates that if a charge is reduced from a felony to a misdemeanor, the period of declaration of readiness by the People is either 90 days from the filing of the new instrument, or the balance of six months allotted to the original felony, whichever is shorter. (People v Brown, 133 Misc 2d 929.)
The statutory language "in the course of the same criminal action either the felony complaint is replaced with or converted to an information, prosecutor’s information or misdemeanor complaint” (CPL 30.30 [5] [c]) directly relates to the case against Merton Pessoa. Since at the February 13, 1987, arraignment of Merton Pessoa on the misdemeanor charges the People declared their readiness, and the original six-month period on the felony complaint had yet to run, there is no need for the court to calculate excludable time. The People under CPL 30.30 (5) (c) were clearly ready as against the defendant Merton Pessoa and, accordingly, his motion is denied.
The more difficult issue is the application (or nonapplication) of CPL 30.30 (5) (c) as to the defendants Paul Pessoa and Tehran Williams. Does the fact that the felony charges were dismissed after a preliminary hearing bring the matter outside the scope of CPL 30.30 (5) (c)? If not, this motion would be denied for the same reasons the court denied the application of the codefendant, Merton Pessoa. However, if CPL 30.30 (5) (c) is not applicable because the dismissal of the felony complaint at the preliminary hearing brought the issue outside the specific statutory language of CPL 30.30 (5) (c), then CPL 30.30 (1) (b) would apply with its shorter 90-day period. If so, the 90-day period would run from the filing of the first accusatory instrument on August 21, 1987, which might result *152 in a dismissal of the action, depending on the court’s interpretation of "excludable time” under CPL 30.30 (4). (People v Berke, 66 NY2d 861.)
The fact that there are no cases on point requires this court to extrapolate from the language of the most recent Court of Appeals decisions on CPL 30.30. Based upon this review and interpretation of the language and holdings in People v Lomax (50 NY2d 351), People v Osgood (52 NY2d 37) and People v Sinistaj (67 NY2d 236), this court believes that CPL 30.30 (5) (c) is applicable to the remaining defendants.
As expressed in People v Lomax (supra), where the Court of Appeals interpreted CPL 1.20 (17) and 100.05, there can be only one criminal action for each set of criminal charges brought against a defendant notwithstanding that the original accusatory instrument may subsequently be replaced or superseded. "This is so even in cases such as this, where the original accusatory instrument was dismissed outright and the defendant was subsequently haled into court under an entirely new indictment.” (People v Lomax, supra, at 356.)
Accordingly, People v Lomax (supra) provided that there can be only one criminal action arising from an incident and the point of commencement was the filing of the first accusatory instrument.
Counsel for the defendants Paul Pessoa and Tehran Williams have no argument with this analysis, but claim that the actions against their clients were terminated by the dismissal of the charges at the preliminary hearing. The Lomax decision addressed the issue of commencement of an action but did not directly address or define when an action terminates.
In People v Osgood (supra), the Court of Appeals took the Lomax decision one step further. It stated that when a criminal action is initially started by the filing of a felony complaint, it is not completely terminated when the complaint is dismissed. "[T]he statute states that the criminal action 'terminates with the imposition of sentence or some other final disposition in a criminal court of the last accusatory instrument filed in the case’ (CPL 1.20, subd 16, par [c] [emphasis added]). Here the dismissal of the felony complaint may have finally disposed of the first accusatory instrument in the case. But as long as the District Attorney is free to continue the prosecution by obtaining an indictment, dismissal of the felony complaint cannot be said to have disposed of, finally or otherwise, the last accusatory instrument 'in the case’.” (People v Osgood, 52 NY2d 37, 44-45, supra.)
*153 Although the defendants’ argument that the dismissal at the preliminary hearing of the charges is a termination of the action and brings the matter outside the scope of CPL 3Ó.30 (5) (c) might be beneficial to their action, it was the People who made this argument in Osgood (supra). If this rationale was accepted, it would be an incredible weapon to be used by prosecutors against defendants, because then the return of an indictment after the dismissal of charges at a preliminary hearing would commence a new criminal action and a renewed six-month period to prosecute a defendant. This is why the Court of Appeals rejected this argument in Osgood.
Following the reasoning in Lomax and Osgood (supra), it really shouldn’t be seen as a major stumbling, block to analysis of CPL 30.30 (5) (c) whether a case is dismissed at a preliminary hearing and later reprosecuted as a misdemeanor (as occurred against Paul Pessoa and Tehran Williams) or whether the defendant is held for the action of the Grand Jury and the matter superseded by a misdemeanor information. This court perceives no logical rational why the result should be different if a matter starts as a felony and is reduced sua sponte by the prosecutor or an action is dismissed by a Judge after preliminary hearing with leave to file a misdemeanor information. To create a difference, as urged by the defendants, would cause a fragmented analysis of CPL 30.30 which should be avoided. CPL 30.30 should be read to harmonize its various provisions. (People v Anderson, 66 NY2d 529.)
Similar to the analysis in People v Sinistaj (67 NY2d 236, supra) defendant’s argument, if accepted, would have consequences which would not further the aim of CPL 30.30 and could not have been contemplated by the State Legislature. In Sinistaj, the issue was whether superseding indictments were to be related back to the commencement of the criminal action for the purposes of calculating excludable time. The Court of Appeals said it should because "Contrary to defendant’s contentions, the effect of such a rule would be to establish an arbitrary six-month cut-off period beyond which a replacement or superseding indictment could not be returned —even one based on evidence revealed for the first time after the six-month period.” (67 NY2d, supra, at 240.)
In this case the defendant’s argument would create an arbitrary 90-day cut-off period beyond which no replacement instrument could be filed on a case that started as a felony. In *154 addition, this hypertechnical analysis would in essence circumvent the rules established in Lomax and Osgood (supra) by not allowing excludable time to relate back to the first accusatory instrument.
Surely CPL 30.30 was not enacted by the Legislature, and should not be interpreted by the courts, to provide defendants with a trial strategy that would encourage delay in proceedings. Under the defendant’s suggested interpretation, all defendants originally charged with borderline felonies would delay the conducting of a preliminary hearing as close to the 90-day period as possible, hoping for a dismissal that might preclude reprosecution. CPL 30.30 was enacted as a shield to protect defendants against actions by prosecutors over which defendants have no control. It was not enacted as a sword to be manipulated by the defendants in their trial strategy.
Finally, the applicability of CPL 30.30 (5) (c) in this scenario creates no injury to the defendant. The prosecution still has a very limited period of time to be ready for trial.
Accordingly, motions for dismissal by defendants Paul Pessoa and Tehran Williams are also denied.