*673 OPINION OF THE COURT
William Garnett, J.
When the People file a misdemeanor complaint charging a class A misdemeanor after a felony complaint has been dismissed is the 90-day statute or the six-month felony statute applicable in determining whether a defendant has been denied his other statutory right to a speedy trial?
As part of an omnibus motion, the defendant has moved to dismiss the misdemeanor information for the failure of the People to afford him a speedy trial pursuant to CPL 30.30 (1) (b) and 170.30 (1) (e). In their answer to the motion, the People concede that more than 90 days are chargeable to the prosecution. However, the prosecution contends that the six-month felony speedy trial statute or the exception in CPL 30.30 (5) (c) rather than the 90-day statute is applicable.
On July 20, 1994, the prosecution commenced a criminal action by filing a felony complaint against the defendant. At arraignment, the court dismissed the felony complaint. Apparently, the court found that the complaint did not "provide reasonable cause to believe that the defendant committed the offense charged in the accusatory part” of the complaint. (CPL 100.40 [4] [b].)
On October 24, 1994, 96 days after the felony complaint had been filed and dismissed, the defendant surrendered and was arraigned on a misdemeanor complaint. This complaint was derived from the same operative facts which had been the subject matter of the felony complaint. The renascent charges were not corroborated until December 14, 1994, 147 days after the felony complaint had been filed and dismissed.
Since December 14, 1994, the adjournments have been for the purpose of pretrial motions and their consideration by the court and are thus excludable. (CPL 30.30 [4] [a].)
The resolution of this issue requires a consideration of principles unique to statutory speedy trial jurisprudence.
A criminal action is commenced with the filing of the first accusatory instrument. (CPL 1.20 [16].) The time within which the prosecution must announce trial readiness begins to run on the day after the commencement of the criminal action. (People v Stiles, 70 NY2d 765 [1987].) Further, even if successor accusatory instruments are filed in the same criminal action, the calculation of speedy trial time relates back to the date of the commencement of the action. (People v Sinistaj, 67 NY2d 236 [1986]; People v Lomax, 50 NY2d 351 [1980].) *674 Moreover, if the initial or subsequent accusatory instruments are dismissed, the filing of a new accusatory instrument does not start the applicable speedy trial time anew. (People v Osgood, 52 NY2d 37 [1980].)
The applicable speedy trial time is determined by identifying the highest charge contained in the initial accusatory instrument. (CPL 30.30 [1]; People v Tychanski, 78 NY2d 909 [1991].) An exception to this rule is contained in CPL 30.30 (5) (c). In pertinent part, this subdivision provides that when a felony complaint "is replaced with or converted to * * * a misdemeanor complaint pursuant to article 180”, the applicable speedy trial time is 90 days or the time remaining on the felony complaint whichever is less. This subdivision of CPL 30.30 is, by its language, only applicable when a replacement or conversion is accomplished by the provisions of CPL article 180. CPL 180.50 (3) governs the replacement or conversion of a felony complaint. All of the statutory methods of replacement or conversion are predicated upon the existence of a felony complaint. This interpretation is confirmed by the mandate in CPL 180.50 (3) (d) to dismiss the felony complaint upon the filing of a misdemeanor complaint.
In People v Tychanski (supra, at 911), the Court of Appeals ruled that CPL 30.30 (5) (c) must be strictly construed. The Court emphasized that this statute must be " 'given effect as it is written * * * not as the court may think it should or would have been written if the Legislature had envisaged all the problems and complications which might arise’.” (People v Tychanski, supra, quoting Lawrence Constr. Corp. v State of New York, 293 NY 634, 639 [1944].) In Tychanski, the Court concluded that the six-month felony speedy trial statute was applicable to a misdemeanor indictment. The Court reasoned that the narrow exception contained in CPL 30.30 (5) (c) did not provide for the contingency which was the subject of the appeal, i.e., the replacement of a felony complaint by a misdemeanor indictment. Having found that this situation did not fall within the circumscribed ambit of the statutory exception, the Court ruled that, however anomalous, the defendant’s statutory speedy trial rights were governed by the statute which applied to the highest count contained in the original accusatory instrument. Further, the Court did not bottom its decision on the fact that the District Attorney had opted to try the case in the Supreme Court rather than in the Criminal Court.
*675 CONCLUSION
This criminal action was commenced with the filing of a felony complaint on July 20, 1994. A criminal action "includes the filing of all further accusatory instruments directly derived from the initial one” (CPL 1.20 [16] [b]). For the purpose of an appellate record, the action includes the disposition of any accusatory instrument. (CPL 1.20 [16] [b].) The action terminates upon the imposition of sentence or the disposition of the last accusatory instrument when that instrument is dismissed. (CPL 1.20 [16] [c].)
The dismissal of the felony complaint on July 20, 1994 was not a final, appealable termination of the instant criminal action. The People could not have appealed the dismissal of the felony complaint. (See, CPL 450.20.) It is clear that an action only terminates when an appeal may be taken by either party or there exists an absolute bar to prosecution, e.g., a double jeopardy bar after dismissal after the People’s direct case. A dismissal of a felony complaint is not a final, appealable order or bar to a renewed prosecution.
Thus, the time in which the People are required to announce trial readiness began to run with the filing of the felony complaint on July 20, 1994. All speedy trial calculations must relate back to this date. If the six-month statute is applicable, then the People had 184 days to announce trial readiness, i.e., July 20, 1994 to January 20, 1995. If the 90-day statute is apposite, then the statute ran on October 18, 1994. If the exception in CPL 30.30 (5) (c) applies, then the People had the lesser of 90 days from the date of reduction, October 24, 1994, or the balance of the six-month statute. In this case, the 88-day balance remaining on the felony statute would apply.
The principles enunciated above establish that the six-month speedy trial statute governs the determination of the defendant’s speedy trial rights in this case.
First, there is no authority cited to support the assertion that the court should run the 90-day statute from July 20, 1994. The defense does not allege that the initial accusatory instrument was filed in bad faith. In fact, the case of a codefendant, who was also charged in a felony complaint, was reduced to a misdemeanor prosecution by the filing of a misdemeanor information on July 25, 1994.
Next, a reading of CPL 30.30 (5) (c) clearly indicates that this narrow exception to the general speedy trial parameters *676 is inapposite. The operation of this statute is triggered when a felony complaint is replaced or converted pursuant to CPL article 180. The statutory mechanisms for the conversion presuppose the existence of a viable felony complaint. CPL article 180 must be read as a whole. CPL 180.50 (3) (d) quite plainly states that a felony complaint which has been replaced or converted must be dismissed. Thus, in order to fall within the language of CPL 30.30 (5) (c), the conversion or replacement authorized by CPL article 180 must be effected upon a viable felony complaint. In this case, at the time of the defendant’s arraignment on the misdemeanor complaint, there was no underlying, existing felony complaint. Therefore, applying CPL 30.30 (5) (c) narrowly as mandated by the Court of Appeals in Tychanski (supra), the determination of the defendant’s motion to dismiss for the failure of the People to afford him a speedy trial is not governed by the special provision relating to the conversion or replacement of a felony complaint.*
When the Court of Appeals in Tychanski (supra) found that the exception created by CPL 30.30 (5) (c) was inapposite, the Court determined that the six-month statute applicable to the highest count in the original felony complaint applied. Thus, despite the fact that the defendant faced reduced charges, the defendant’s statutory speedy trial rights were still defined by the charges in the original accusatory instrument.
In this case, having found no authority for the proposition that the defendant was entitled to the 90-day statute and having ruled that CPL 30.30 (5) (c) does not apply to this factual scenario, the court finds that the defendant’s statutory right to a speedy trial is governed by the six-month statute which was applicable to the original accusatory instrument, the felony complaint.
The prosecution has conceded that it is chargeable with the time to December 14, 1994. This period encompasses 147 days. *677 The remaining time since December 14th has been devoted to pretrial motions and their determination. Thus, the People still have 37 days of the original 184-day period in which to announce trial readiness. Therefore the motion to dismiss is denied.

 In People v Pessoa (136 Misc 2d 148 [Mt. Vernon City Ct 1987]), in similar circumstances, the court ruled that CPL 30.30 (5) (c) was applicable despite the dismissal of the felony complaint.
This court respectfully finds this ruling unpersuasive in light of this court’s analysis. Further, this case was decided prior to the Court of Appeals decision in Tychanski (supra). Moreover, even if the Pessoa rationale is correct, the result in this case would still obtain. On October 24, 1994, the People had 88 days in which to announce their trial readiness if CPL 30.30 (5) (c) is applied. With 57 days chargeable to the People for the adjournments between October 24, 1994 and December 14, 1994, the People have the same 37 days in which to announce that they are ready for trial.