■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ANDERSON, Appellant. [630 NYS2d 77] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered May 14, 1992, convicting defendant, after a jury trial, of murder in the second degree, two counts of robbery in the first degree and two counts of robbery in the second degree, and sentencing him to concurrent terms of 25 years to life on the murder count, $8^{1}/_{3}$ to 25 years on each of the first degree robbery counts, and 5 to 15 years on each of the second degree robbery counts, unanimously affirmed.

After a witness identified defendant among the hundreds of dancers at the Roseland dance hall, detectives approached him and asked if they might speak with him in a quiet lobby. Defendant agreed, followed the officers, and spoke to them. He was not frisked, searched, handcuffed or told that he was under arrest. They then asked if he would come with them to the precinct to assist in their investigation. Defendant expressly agreed, once the officers promised to pay his cover charge on re-entry to Roseland. Defendant was not placed in a squad car; rather, he walked freely along public streets with plainclothes detectives until, shortly after the murder and robbery, he reached the crime scene where he was identified by the victim's father, and his distinctive shirt and large wooden beads were recognized by the victim's mother, brother and sister-in-law.

The trial court properly determined that defendant was not arrested at Roseland since a reasonable person innocent of any crime would not have considered himself or herself under arrest under the same circumstances (*People v Yukl*, 25 NY2d 585, 589, *cert denied* 400 US 851). The showup was, likewise, properly upheld. It is well established that while there is a degree of suggestiveness inherent in every showup, showups are permissible if, like here, they are not unduly suggestive and occur near the scene of the crime and shortly after it (*People v Duuvon*, 77 NY2d 541, 544; *People v Acevedo*, 102 AD2d 336, 339-340).

Where the victim's mother, brother and sister-in-law were not going to identify defendant at trial (and did not) but, rather, only his shirt, CPL 710.30 notice was not required. To the degree defense counsel wished to argue that suggestiveness led these witnesses to identify defendant's shirt, this argument went to the weight of the evidence and was one to be made to the jury, not to the court in a suppression hearing. Because defendant alleged only "differences" in the corporeal identification by the victim's father and the recognition of defendant's clothing by other family members, he failed to provide "some indication that the pretrial identification procedure was suggestive" and was thus not entitled to call the other family members at the independent source hearing regarding the father's identification (*People v Chipp*, 75 NY2d 327, 338, *cert denied* 498 US 833).

The court properly exercised its discretion (*People v Cronin*, 60 NY2d 430, 433; *People v Mooney*, 76 NY2d 827) in denying defendant's request to allow him to retain, at public expense, an expert on the reliability of identification evidence or to offer expert testimony on this issue at trial. Such evidence is not beyond the ken of the ordinary juror. Through cross-examination and proper jury instructions deficiencies in eyewitness identification testimony are highlighted to jurors, the ultimate finders of the facts (*People v Valentine*, 53 AD2d 832; *People v Slack*, 131 AD2d 610).

We perceive no abuse of discretion in sentencing.

We have considered defendant's remaining arguments and find them to be without merit. Concur—Ellerin, J, P., Wallach, Kupferman, Ross and Mazzarelli, JJ.