■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH GREENE, Appellant. [637 NYS2d 79] —Judgment, Supreme Court, New York County (John Bradley, J., on speedy trial motion; Angela Mazzarelli, J., at trial and sentence), rendered January 23, 1992, convicting defendant, after a jury trial, of assault in the second degree and attempted burglary in the third degree, and sentencing him, as a persistent felony offender, to concurrent terms of 15 years to life, unanimously affirmed.

Defendant's speedy trial motion was properly denied as only 138 includable days elapsed before the People announced their readiness for trial. Given the nature of the parties' contentions, only a few disputed adjournments require discussion. On January 31, 1990, defendant was not produced by the Department of Correction to testify before the Grand Jury, and an indictment was voted without affording him the opportunity to testify. Defense counsel then requested that the People not file the indictment since he intended to file a habeas corpus motion, which he did on February 16, 1990 and which application was denied the same day. Although delays due to the nonproduction of a defendant are generally chargeable to the People (*see, People v Anderson*, 66 NY2d 529; *People v Daniels*, 217 AD2d 448), here, defense counsel's request to delay the filing of the indictment directly affected the People's readiness, and this period is excludable as an adjournment requested by the defendant (*see,* CPL 30.30 [4] [b]; *People v Daniels, supra*). On June 25, 1990, the court rendered its decision on defendant's omnibus motion and granted him a *Wade* hearing. Since the prosecution could not be expected to be ready for such hearing immediately, this period is excludable (*see, People v Douglas*, 156 AD2d 173, 174, citing *People v Green*, 90 AD2d 705, 706).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The victim of the assault observed defendant at close range, in good lighting, while defendant made repeated demands for the key to the premises, and then savagely beat the victim for several minutes. Any *inconsistencies in the victim's descriptions of her attacker* were placed before the jury to consider and we see no reason to disturb its determination.

There was no error in the court's evidentiary rulings. After listening to the expert's testimony regarding the effects of stress on eyewitness identifications at the *Wade* hearing, it was clearly within the trial court's discretion to exclude such evidence at trial (*see, People v Anderson*, 218 AD2d 533, 534, citing, *inter alia, People v Mooney*, 76 NY2d 827). The wire pole and meat cleaver were properly admitted into evidence as they were found in close proximity to doors or locks of premises which appeared to have been tampered with (*see, People v Seymour*, 160 AD2d 499), and defendant's fingerprints were on the cleaver.

Nor do we perceive any abuse of sentencing discretion in view of defendant's extensive criminal record. Concur—Murphy, P. J., Sullivan, Wallach, Kupferman and Ross, JJ.