OPINION OF THE COURT
Andrew Borrok, J.
The instant matter is before the court because the defendant moves to dismiss the pending charges on the grounds that he has been denied his right to a speedy trial pursuant to Criminal Procedure Law §§ 30.30 (1) (c) and 170.30 (1) (e), arguing that 100 days have elapsed that are chargeable as nonexcludable time pursuant to CPL 30.30 (1) (c). The People oppose the motion and contend that only 18 days of chargeable time has elapsed. For the reasons set forth below, the court finds that in fact only 17 days of CPL 30.30 (1) (c) chargeable time has elapsed. Accordingly, the defendant’s motion is denied.
Dismissal Pursuant to CPL 30.30 (1) (c)
Pursuant to CPL 30.30 (1), the applicable speedy trial time is determined based on the highest charge in the accusatory instrument. (People v Walton, 165 Misc 2d 672, 674 [Crim Ct, Richmond County 1995].) In this case, the defendant is charged with aggravated unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 511 [1] [a]) which is an unclassified misdemeanor punishable by a sentence of imprisonment not to exceed 30 days. (Vehicle and Traffic Law § 511 [1] [b].) Where a defendant is charged with a misdemeanor punishable by a sentence of imprisonment of less than three months, a speedy trial motion must be granted where the People are not ready for trial within 60 days of commencement of the criminal action. (CPL 30.30 [1] [c].)
The defendant has the initial burden of showing, through sworn allegations of fact, that there has been an inexcusable delay beyond the time allotted by the statute. (People v Santos, 68 NY2d 859, 861 [1986].) Once the defendant has made that showing, the People bear the burden of demonstrating sufficient excludable time in order to withstand a motion to dismiss. (Id.)
Ready for trial for CPL 30.30 (1) purposes necessarily has two requirements. First, the People must communicate their readiness on the trial court’s record either by stating that they are ready for trial in open court on the record transcribed by a stenographer or by a statement of readiness (SOR) sent by the People to defense counsel and the appropriate court clerk to be *374 placed in the original record. (See People v Kendzia, 64 NY2d 331, 337 [1985].) Second, the People must in fact be ready to proceed. “The statute contemplates an indication of present readiness, not a prediction or expectation of future readiness.” (Id. at 337.) Additionally, the People cannot be ready for trial until they have converted a misdemeanor complaint to an information. (People v Caussade, 162 AD2d 4, 8 [2d Dept 1990].) The People are entitled to a reasonable adjournment to prepare for hearings and trial once hearings are ordered. (People v Greene, 223 AD2d 474 [1st Dept 1996], lv denied 88 NY2d 879 [1996]; People v Hernandez, 268 AD2d 344 [1st Dept 2000], lv denied 95 NY2d 853 [2000]; People v Lucas, 25 Misc 3d 1213[A], 2009 NY Slip Op 52085[U] [Crim Ct, Kings County 2009].)
On February 24, 2015, the defendant was arraigned. At arraignment, the defendant was charged with aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [a]) and unlicensed operator (Vehicle and Traffic Law § 509 [1]), the People served and filed the department of motor vehicles (DMV) abstract of the defendant’s driver’s license and stated that the People were ready for trial. The court deemed the accusatory instrument an information. The defendant waived discovery by stipulation (DBS) and the court adjourned the matter until April 13, 2015 to AP2 for hearings and trial.
Post-readiness delays can be chargeable to the People only if they become unready. (People v Anderson, 66 NY2d 529 [1985].) When a case is in a post-readiness posture, for CPL 30.30 purposes, specific adjournments requested by the People are chargeable as non-excludable time but adjournments that extend beyond the specific adjournment requested by the People are excluded time. (People v Bruno, 300 AD2d 93, 95 [1st Dept 2002], lv denied 100 NY2d 641 [2003]; People v Dushain, 247 AD2d 234, 236 [1st Dept 1998], lv denied 91 NY2d 1007 [1998].) For example, if the matter is on the court’s calendar for hearings and trial and the People indicate that they are “not ready” to proceed and request a specific adjournment of seven days and, due to calendar conflicts, the next court date is scheduled for the eighth day, only seven days (i.e., and not eight days), for CPL 30.30 purposes, are charged as non-excludable time.
On April 13, 2015, the People indicated that they were not ready for trial because they were waiting for the certified notice of suspensions from the DMV and requested an adjourn *375 ment of nine days. The court adjourned the case until June 3, 2015 for hearings and trial. On June 3, 2015, the People again indicated that they were not ready to proceed and asked to be charged until the filing of a SOR. The court adjourned the matter until July 9, 2015 for hearings and trial. On June 11, 2015, the People served a SOR off-calendar on the defendant and filed it with the court. On June 18, 2015, the defendant served and filed off-calendar the instant motion to dismiss on speedy trial grounds pursuant to CPL 30.30 (1) (c). On July 9, 2015, the court indicated that the People could submit a response to the court by July 17, 2015 and adjourned the case until August 19, 2015 for the court’s decision.
The defendant argues that the entire time from the day of the defendant’s arraignment (i.e., Feb. 24, 2015) until the date the People received the certified notice of suspensions from the DMV (i.e., May 28, 2015) is chargeable under CPL 30.30 (1) (c) as non-excludable time because the People’s statement of readiness at arraignment was illusory. (Defense affirmation at 5, citing People v Sibblies, 22 NY3d 1174 [2014].) Put another way, defense counsel argues that the Court of Appeals’ decision in Sibblies stands for the proposition that notwithstanding the People converting an accusatory instrument from a complaint into an information by removing all nonhearsay allegations to make out the prima facie case of the pending charges, when the People indicate that they are ready for trial, the People’s witnesses must be standing outside of the courtroom and every piece of evidence that the People intend to introduce must be in the People’s possession, labeled and prepared, otherwise the court must find that the People’s statement of readiness at the time of conversion is illusory. The court however does not agree.
It is well established that there is a presumption that a statement of readiness is truthful and accurate. (See People v Sibblies, 22 NY3d 1174 [2014, Graffeo, J., concurring], citing People v Miller, 113 AD3d 885, 887 [3d Dept 2014], People v Acosta, 249 AD2d 161, 161 [1st Dept 1998], and People v Bonilla, 94 AD3d 633 [1st Dept 2012].) The presumption however can be overcome where the record does not support the inference that the People made an initial strategic decision to proceed with a minimal prima facie case. (Bonilla, 94 AD3d 633, citing People v Wright, 50 AD3d 429 [1st Dept 2008].) However, neither the statute, nor the case law, requires that the People have the ability to produce their witnesses or the evidence that the People intend to introduce instantaneously *376 in order for a statement of readiness to be valid. (See Wright, 50 AD3d at 430, quoting People v Dushain, 247 AD2d 234, 236 [1998].) Simply put, the People are entitled to a reasonable adjournment to prepare for hearings and trial. (See Greene, 223 AD2d 474.)
As discussed above, at arraignment the People served and filed the accusatory instrument and a DMV abstract and the defendant indicated that he was waiving DBS. The court deemed the accusatory instrument an information and the People stated that they were ready for trial. This is exactly what is required at this stage of the proceeding. (See CPL 100.40, 100.15.) The People could have started any necessary suppression hearings and the ensuing trial without the certified notice of suspensions from the DMV. For example, CPL 710.30 (1) (a) notice was served and filed at arraignment and the certified notice of suspensions would not have been necessary for People to meet their burden at any Huntley ¡Dunaway hearing. Surely, if following any suppression hearings the People still did not have the certified notice of suspensions it would be difficult to prove the charged offense beyond a reasonable doubt, but nonetheless the People could proceed at their own peril without such records and may have in fact called a witness from the DMV to testify.
To be clear, and for the avoidance of any doubt, the Court in Sibblies addressed a very different situation. The Sibblies court addressed whether the presumption that an SOR filed off-calendar was true and accurate was overcome (i.e., whether the SOR was illusory) when on the next court date following the serving and filing of such SOR the People indicated that they “[were] continuing to investigate” and were awaiting medical records. (Sibblies at 1176.) That is to say that based on the contents of the medical records, the People may have proceeded differently. In the case at nisi prius, on the other hand, the People indicated that they were ready at arraignment and at the April 13th calendar call, when the People stated they were not ready to proceed, the People indicated that their lack of readiness on that particular occasion was due to the fact that the People were waiting for the certified notice of suspensions from the DMV — not because they were “continuing to investigate.” Based on the accusatory instrument and the defendant’s DMV abstract, both of which were served and filed at the defendant’s arraignment, no further investigation was required. The accusatory instrument was converted and the People were *377 ready. The People knew exactly how they were going to proceed and there is nothing contained in the certified notice of suspensions that would have changed the People’s position. Furthermore, there simply is nothing in the record which otherwise indicates that the People had not made a decision to go forward with the prima facie case requirements having been met. Accordingly, the entire period between February 24, 2015 and April 13, 2015 is excludable time for CPL 30.30 purposes and only the nine-day period that the People actually requested between April 13, 2015 and April 22, 2015 is chargeable as nonexcludable time pursuant to CPL 30.30 (1) (c).
An adjournment for motion practice and the period during which the motion is “under consideration by the court” is excludable time. (CPL 30.30 [4] [a]; People v Stewart, 57 AD3d 1312, 1314 [3d Dept 2008].) As discussed above, on June 3, 2015, the People again indicated that they were not ready to proceed to trial and asked to be charged until the filing of a SOR which SOR was served off-calendar on defendant and filed with the court on June 11, 2015. On July 9, 2015 (i.e., the next scheduled court date), the court indicated that the People could submit a response to the court by July 17, 2015 and adjourned the case until August 19, 2015 for the court’s decision. Accordingly, only the eight-day period between June 3, 2015 and June 11, 2015 is chargeable as non-excludable time and the entire period from July 9, 2015 until August 19, 2015 is excludable time.
Conclusion
In sum, this court finds that the People are charged with 17 days of non-excludable time. Accordingly, the defendant’s motion to dismiss pursuant to CPL 30.30 (1) (c) is denied.