OPINION OF THE COURT
Andrew Borrok, J.
The defendant, who is charged with operating a motor vehicle while under the influence of drugs (Vehicle and Traffic Law § 1192 [4]), obstructing traffic at intersection (Vehicle and Traffic Law § 1175), and three counts of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), seeks dismissal of the information (i) as facially insufficient and (ii) because he has been denied his right to a speedy trial pursuant to Criminal Procedure Law §§ 170.30 and 30.30 (1) (b). For the reasons set forth below, the defendant’s motion is denied in its entirety.
I. The Facts Relevant to the Defendant’s Motion
The defendant was arraigned on August 18, 2015 on the pending charges on which occasion the People stated that they were “ready for trial” because the accusatory instrument is a first-party complaint that contains nonhearsay factual allegations which make out a prima facie case of the pending charges. The factual portion of the instant accusatory instrument served and filed at arraignment provides that
“[o]n (1) August 17, 2015 at about 4:44 p.m. at the corner of 85th Street and 5th Avenue and (2) August 17, 2015 at about 4:58 p.m. at the corner of 84th Street and 5th Avenue, in the County of Kings, State of New York:
“Deponent [Police Officer Richard Scheblein] states that on the above mentioned time and place, the deponent observed the defendant behind the wheel of a 2012 black Chevy Impala, license plate no. Z63EVC, with keys in the ignition and engine running, and that defendant was obstructing traffic at an intersection while the traffic signal was green, in that approximately four vehicles were behind *214 the defendant’s vehicle, and were unable to drive around defendant’s vehicle.
“Deponent further states that at the approximate above time and place, deponent observed the defendant exhibiting signs of impairment: to [w]it, slurred speech, bloodshot, red water eyes, unable to stand straight, sweating profusely, and having disheveled clothing.
“Deponent further states, at the second above time and place, the deponent did observe the defendant to be in possession of cocaine in that deponent did observe a plastic straw with cocaine residue and a ziplock bag of cocaine in plain view in the driver seat of the above mentioned vehicle, and that deponent recovered another ziplock bag containing cocaine from defendant’s pants pocket.
“Deponent further states that deponent has had professional training as a police officer in the identification of cocaine, has previously made arrests for criminal possession of cocaine, has previously seized cocaine, which was determined to be such by a chemical analysis by the police department laboratory, and the substances in this case possess the same physical characteristics as such previously chemically identified substances and by professional training and experience as a police officer is familiar with the common methods of packaging cocaine and the plastic straw and zip-lock bag used to package the substance in this case is a commonly used method of packaging such substance. Based on the foregoing, in deponent’s opinion, the substance in this case is cocaine.”
The court deemed the accusatory instrument an information and adjourned the matter to Part DWI until August 21, 2015 for discovery by stipulation (DBS).
However, on August 21, 2015, the People did not produce the DBS, and the court instructed the People to serve and file DBS off-calendar and adjourned the case until October 5, 2015 for any necessary hearings and trial. The People thereafter served and filed a laboratory report of the drugs which were recovered and DBS off-calendar.
On October 5, 2015, the People indicated that they were not ready to proceed to trial and requested a seven-day adjournment. Consequently, the court adjourned the matter until November 5, 2015 for hearings and trial.
*215 On November 5, 2015, the People again indicated that they were not ready to proceed to trial because the assigned Assistant District Attorney was out of the office and requested a further 12-day adjournment. The court further adjourned the matter until November 30, 2015 for hearings and trial. On November 30, 2015, the People once again indicated that they were not ready to proceed to trial (on this occasion, because the arresting officer was on his regular scheduled day off). The People, therefore, requested an additional seven-day adjournment. The court once again adjourned the matter until January 13, 2016 for hearings and trial.
On January 13, 2016, the defendant served and filed the instant motion, whereupon the court adjourned this matter until January 29, 2016 and instructed the People to file any opposition papers on or before January 29, 2016. On January 29, 2016, the People in fact served and filed opposition papers and the court further adjourned the case until March 9, 2016 to await the court’s decision on the defendant’s motion.
II. Dismissal of the Information for Facial Insufficiency
The initial issue posited by the defendant’s motion is whether to be facially sufficient an accusatory instrument charging a violation of Vehicle and Traffic Law § 1192 (4) where the defendant is alleged to have been found in possession of drugs, must allege that there is either a laboratory report confirming that the recovered substance is in fact drugs proscribed by Public Health Law § 3306, or confirmation by a drug recognition expert (DRE) that at the time of arrest the defendant exhibited signs of intoxication caused by such drugs, or that there was an admission made by the defendant that he (or she) had ingested such drugs. For the reasons set forth below, the court holds that it does not.
An information is sufficient on its face when the allegations provide reasonable cause to believe that the defendant committed the offense charged, and when the nonhearsay allegations establish, if true, every element of the offense charged and the defendant’s commission thereof. (CPL 100.40 [1]; 100.15.) Reasonable cause exists where there are sufficient facts set forth in the accusatory instrument which would convince a person of ordinary intelligence, judgment and experience that such offenses were reasonably likely to have been committed and that such offenses were committed by the defendant. (CPL 70.10 [2].) When evaluating whether an accusatory instrument *216 is facially sufficient, the court must view the facts alleged in the light most favorable to the People. (See People v Contes, 60 NY2d 620 [1983].) Provided that the factual allegations give the defendant sufficient notice to prepare a defense and are adequately detailed to prevent the defendant from being tried twice for the same offense, the allegations should not be given an overly restrictive or technical reading. (People v Casey, 95 NY2d 354, 360 [2000]; People v Kalin, 12 NY3d 225 [2009].) Although the requirement is not the same as the People’s burden at trial to prove every element of the offenses charged beyond a reasonable doubt, the failure to satisfy the requirements of CPL 100.40 (1) (c) creates a jurisdictional defect to the criminal action requiring dismissal. (See People v Henderson, 92 NY2d 677, 680 [1999]; People v Alejandro, 70 NY2d 133, 137 [1987]; People v Kalin, 12 NY3d 225 [2009].)
Vehicle and Traffic Law § 1192 addresses the operation of a motor vehicle while under the influence of alcohol or drugs. Although the statutory framework set forth in Vehicle and Traffic Law § 1192 is substance specific, the critical difference in the treatment of alcohol and drugs set forth in the statute is the degree of impairment required for one to be guilty of a misdemeanor, to wit: the level of impairment required to be guilty of a misdemeanor for operating a motor vehicle under the influence of drugs is less than that for alcohol. That is, to be guilty of a misdemeanor for driving under the influence of drugs, one’s ability to operate a motor vehicle must merely be “impaired.” By contrast, to be guilty of a misdemeanor for driving under the influence of alcohol, one must be intoxicated. (See Vehicle and Traffic Law § 1192 [2], [3].)[1]
A person is guilty of operating a motor vehicle while under the influence of drugs (Vehicle and Traffic Law § 1192 [4]) when he or she “operate [s] a motor vehicle while [his or her] ability to operate such a motor vehicle is impaired by the use of a drug as defined in this chapter.” (Vehicle and Traffic Law § 1192 *217 [4].)[2] It is axiomatic that in order to be found guilty of a violation of Vehicle and Traffic Law § 1192 (4), the People must prove beyond a reasonable doubt that (i) the defendant ingested a drug, (ii) the drug ingested by the defendant is one proscribed by Public Health Law § 3306, (iii) after ingesting the drug, the defendant operated a motor vehicle, and (iv) while operating his motor vehicle, the defendant’s ability to operate the motor vehicle was impaired by the ingestion of the drug. (People v Kahn, 160 Misc 2d 594, 598 [Nassau Dist Ct 1994].) However, proof beyond a reasonable doubt is not the relevant standard in determining whether the accusatory instrument is facially sufficient.
Relying primarily on a number of pre-2009 lower court opinions where the defendant was not found in possession of drugs, the defendant here argues that for an accusatory instrument to be facially sufficient charging operating a motor vehicle while under the influence of drugs (Vehicle and Traffic Law § 1192 [4]) it must contain a laboratory report confirming that the recovered substance was in fact drugs, confirmation by a DRE that the defendant exhibited signs of intoxication caused by prohibited drugs, or an admission by the defendant that he or she ingested prohibited drugs. Inasmuch as the only confirmation that the substance referred to in the accusatory instrument that is the subject of the motion before this court is prohibited drugs is the officer’s opinion based on his training and experience (i.e., there is no admission by the defendant, no laboratory report, or written opinion of a DRE), the defendant argues that the accusatory instrument must be dismissed as facially insufficient. (Defense affirmation at 6.) The court does not agree.
In support of the motion, the defendant relies, inter alia, upon People v Ortiz (6 Misc 3d 1024[A], 2004 NY Slip Op 51821[U] [Crim Ct, Bronx County 2004]) which involved two accusatory instruments — the first filed at arraignment, and the second, a superseding information filed after the time set forth in the speedy trial statute had expired. The first of these accusatory instruments provided that the officer observed the defendant to have glassy bloodshot eyes, was staring into space, was unable to stand, and was unresponsive. No drugs were alleged to have been found with the defendant in the car and *218 that accusatory instrument was served and filed without a lab report. The People served and filed the second superseding information, together with a lab report which showed the presence of phencyclidine (PCP) in the defendant’s blood. The defendant moved to dismiss arguing that the accusatory instrument was facially insufficient. Because the second accusatory instrument was filed after the speedy trial statute period had expired, the court did not consider it, and, upon reviewing the first accusatory instrument, expressed significant concern as to the identification of the specific drug which allegedly had been ingested by the defendant — i.e., whether the drug allegedly ingested by the defendant was in fact proscribed by the statute. More specifically, the court noted “[b] arring defendant’s admission, only a laboratory analysis can provide the threshold facts to show defendant ingested a drug. Any other interpretation would allow a non-expert to speculate as to which drug was ingested by defendant.” (Ortiz, 2004 NY Slip Op 51821[U], *4 [citations omitted].) The court further concluded that “[ujnlike the symptoms of intoxication, which are universally recognizable, the effects of any particular drug or class of drugs listed in Public Health Law § 3306 . . . are not necessarily uniform in the way they affect an individual’s appearance.” {Id. [citation omitted].) That is, in the absence of drugs being found in the possession of the defendant, without some identification as to which drugs were allegedly ingested by the defendant, reasonable cause did not exist as to which offense(s) was/were reasonably likely to have been committed and whether such offense(s) were committed by the defendant. Ultimately, in Ortiz, the court rejected the People’s argument that the accusatory instrument was facially sufficient based on the officer’s observations alone.
The Oritz court’s approach, however, has been rejected by courts in the Second and Third Departments. (People v Rose, 8 Misc 3d 184, 185 [Nassau Dist Ct 2005]; see also People v Hill, 16 Misc 3d 176 [Crim Ct, NY County 2007].) For example, in People v Rose, the court commented that the Ortiz court’s approach would permit individuals who neither admit to drug use nor consent to a chemical test to evade prosecution and held that “opinion testimony from police trained as drug recognition experts as to the identity of the drug causing the impairment is admissible ... to supply the required element.” (Rose, 8 Misc 3d at 185.) The accusatory instrument in that case provided that the officer observed the defendant unsteady *219 on her feet, had watery eyes and an extremely hard time following instructions. The defendant was not found with drugs in the car, the defendant did not make any statements and was not subjected to a urine drug test. A drug influence evaluation was, however, performed by a DRE who prepared a written report which was served on the defendant and filed with the court. The Rose court specifically held that the accusatory instrument in that case was facially sufficient based on the opinion testimony of the DRE memorialized in the DRE’s written report.
Significantly, however, none of the cases cited by the defendant here involve circumstances where the defendant was found in possession of drugs. The seminal case involving the identification of narcotics in circumstances when drugs are in fact found to be in the defendant’s possession is the 2009 New York Court of Appeals decision in People v Kalin (12 NY3d 225 [2009]).
In Kalin, the defendant was stopped in what the arresting officer believed to be a routine traffic stop for a faulty exhaust. In the course of the traffic stop, the defendant was found to be in possession of what the officer believed, based on his training and experience, to be nine bags of heroin together with a bag of marijuana and a marijuana pipe. At arraignment, the defendant pleaded guilty to criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) and al-locuted to possession of heroin. On appeal, the defendant argued that he was prosecuted by a criminal complaint and not an information in that the charges of possession were not made out by nonhearsay allegations, nor confirmed by a laboratory report that the substance which was recovered was in fact heroin, but, instead were only based upon the officer’s personal observations and training and experience. The Kalin court specifically rejected this argument and held that nonhearsay allegations as to the identity of drugs are made out without any further independent corroboration when the drugs are found in the possession of the defendant and the accusatory instrument provides that the drugs are identified based on the officer’s training and experience.
Significantly in overruling previously embraced judicial approaches concerning the jurisdictional sufficiency of the accusatory instrument that had theretofore required independent corroboration, the Court noted:
*220 “[The] core concerns were . . . satisfied in this case. Defendant was on notice that: (1) he was charged with possessing heroin and marijuana discovered in the car in which he was a backseat passenger at approximately 10:50 p.m. on January 21, 2006 at the corner of Cypress and Myrtle Avenues in Queens; (2) the heroin was contained in nine separate plastic bags in the center console of the vehicle; and (3) the marijuana was found in a ‘plastic zip lock bag’ inside the center console and a ‘marijuana pipe containing a quantity of marijuana’ was found in the glove compartment. Based on these details, defendant could prepare a defense . . . These facts were also specific enough to allow defendant to invoke the protection of double jeopardy in the event that he was acquitted of these charges but later subject to further prosecution. And, accepting the officer’s statements as true, the assertions were enough to inform [the] defendant that the substances seized were heroin and marijuana . . .
“Defendant claims that the officer’s allegations present an inadequate foundation for identification of the drugs because the officer did not describe what the substances looked like, nor did he attach a laboratory report indicating that the substances had been tested and found to be heroin and marijuana. We have already rejected the notion that a laboratory report is necessary to set forth a prima facie case and we unanimously adhere to that holding today. And, as detailed previously, the officer in this case presented more in the accusatory instrument than merely stating that he used his experience and training as the foundation in drawing the conclusion that he had discovered illegal drugs. He asserted that he also relied on the packaging of the substance that he determined to be heroin and that the recovery of a marijuana pipe further supported his belief that he had found marijuana.
“In our view, the pleading standards of the Criminal Procedure Law would be extended beyond what the Legislature intended if we were to require the recitation of a mandatory catechism in an information that otherwise adequately identifies the particular drug, alleges that the accused possessed that illegal substance, states the officer’s familiarity with and training regarding the identification of *221 the drug, provides some information as to why the officer concluded that the substance was a particular type of illegal drug, and supplies sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy. To the extent Jahron S. suggests otherwise, we are modifying that portion of the holding.
“Requiring police officers to supply a few additional words describing the appearance of the substance seized would necessitate the adoption of a formulaic recitation. An information charging possession of cocaine, for example, could state that the substance was ‘white in color’ and ‘powdery,’ or ‘off-white’ and ‘rock-like’ in appearance, whereas a charge of marijuana possession could be supported by a statement that the substance was ‘green and leafy.’ While it may be . . . safer practice for law enforcement to routinely use these descriptive phrases, unlike our dissenting colleagues, we would not hold that the absence of such phraseology rendered the information in this case jurisdictionally deficient.” (Kalin at 230-232.)
The accusatory instrument in the case before this court indicates that the defendant was obstructing traffic at an intersection while the traffic signal was green, not allowing approximately four vehicles to drive around the defendant’s vehicle and that the arresting officer observed the defendant exhibiting signs of impairment — i.e., specifically, slurred speech, bloodshot, red watery eyes, inability to stand straight, sweating profusely, and having disheveled clothing. The accusatory instrument further provides that the arresting officer recovered cocaine from the driver’s seat and from the defendant’s pants’ pocket, the arresting officer has training and experience in the identification of cocaine, the substance recovered in this case has the same physical characteristics chemically identified as cocaine in other cases, the officer based on his training and experience is familiar with common packaging of cocaine and that the plastic straw and ziplock bag which were recovered in this case are common methods for packaging cocaine.
Although People v Kalin involved Penal Law § 220.03, and not Vehicle and Traffic Law § 1192 (4), inasmuch as the issue before the Court of Appeals in Kalin, whether the jurisdictional facial sufficiency requirement with respect to confirmation that *222 the recovered substance is in fact drugs could be met based solely on the officer’s observations, training and experience and otherwise without further independent corroboration, is entirely analogous to the issue before this court, this court finds that the same reasoning applied in Kalin is applicable here. Therefore, viewing the facts in the light most favorable to the People, the court finds that reasonable cause exists that would convince a person of ordinary intelligence, judgment and experience that the defendant operated a motor vehicle while his ability to do so was impaired by the use of cocaine. Put another way, the court finds that reasonable cause exists that the defendant (i) ingested cocaine, (ii) cocaine is proscribed by Public Health Law § 3306, (iii) that after ingesting cocaine, the defendant operated a motor vehicle, and (iv) while operating his motor vehicle, the defendant’s ability to operate the motor vehicle was impaired by the ingestion of cocaine.
In addition, the court notes that the seminal concerns related to the facial jurisdictional sufficiency of the accusatory instrument are satisfied here as well in that (i) the defendant has sufficient notice to prepare a defense and (ii) the factual allegations are adequately detailed to prevent the defendant from being tried twice for the same offense. (People v Casey, 95 NY2d 354, 360 [2000]; People v Kalin, 12 NY3d 225 [2009].) Accordingly, the defendant’s motion is denied. For the avoidance of any doubt, however, the People remain obliged to prove every element of the charged offense beyond a reasonable doubt at trial.
III. Dismissal of the Information Based on CPL 30.30
The court now turns to the second issue posited by the defendant’s motion which seeks dismissal of the charges on the grounds that his right to a speedy trial has been violated. That portion of the motion, too, is denied for the reasons set forth below.
Pursuant to CPL 30.30 (1), the applicable speedy trial time is determined based on the highest charge in the accusatory instrument. (People v Walton, 165 Misc 2d 672, 674 [Crim Ct, Richmond County 1995].) In this case, the highest crime charged, Vehicle and Traffic Law § 1192 (4), operating a motor vehicle while under the influence of drugs, is an unclassified misdemeanor punishable by a sentence of imprisonment not to exceed one year. (Penal Law § 70.15 [1].) Where the highest crime charged is a class A misdemeanor and the People are not *223 ready within 90 days of the commencement of a criminal action, a defendant’s motion to dismiss pursuant to CPL 30.30 must be granted.
The People cannot be ready for trial until they have converted a misdemeanor complaint into an information. (People v Caussade, 162 AD2d 4, 8 [2d Dept 1990].) In order for a misdemeanor complaint to be converted into an information, the factual portion of the instrument must contain “[n] on-hearsay allegations . . . [that] establish, if true, every element of the [crime] charged and the defendant’s commission thereof.” (CPL 100.40 [1] [c]; People v Alejandro, 70 NY2d 133 [1987].)
The defendant has the initial burden of showing, through sworn allegations of fact, that there has been an inexcusable delay beyond the time allotted by the statute. (People v Santos, 68 NY2d 859, 861 [1986].) Once the defendant has made that showing, the People bear the burden of demonstrating sufficient excludable time in order to withstand the motion to dismiss. (Id.)
A. For CPL 30.30 purposes, no time is chargeable between August 18, 2015 and August 21, 2015.
To be ready for trial for CPL 30.30 (1) purposes, the People must satisfy two requirements. First, they must communicate their readiness on the trial court’s record either by stating that they are ready for trial in open court on a record transcribed by a stenographer or by a statement of readiness served upon defense counsel by the People and filing the same with the appropriate court clerk to be placed in the original record. (See People v Kendzia, 64 NY2d 331, 337 [1985].) Second, the People must in fact be ready to proceed. “The statute contemplates an indication of present readiness, not a prediction or expectation of future readiness.” (Id. at 337.) In Kings County, DBS is in lieu of motion practice, and adjournments for DBS are excluded from speedy trial calculations irrespective of whether the People are ready for trial. (CPL 30.30 [4] [a]; People v Dorilas, 19 Misc 3d 75, 76-77 [App Term, 2d Dept, 2d & 11th Jud Dists 2008]; People v Khachiyan, 194 Misc 2d 161, 166 [Crim Ct, Kings County 2002].) As discussed above, at defendant’s arraignment on August 18, 2015 the People served and filed a first-party complaint, announced readiness and the court deemed the accusatory instrument an information and adjourned the matter for DBS. Therefore, for CPL 30.30 purposes, the time from August 18, 2015 until August 21, 2015 is excludable time.
*224 B. For CPL 30.30 purposes, no time is chargeable between August 21, 2015 and October 5, 2015.
The People are entitled to a reasonable adjournment to prepare for hearings and trial once hearings are ordered. (People v Greene, 223 AD2d 474 [1st Dept 1996], lv denied 88 NY2d 879 [1996]; People v Hernandez, 268 AD2d 344 [1st Dept 2000], lv denied 95 NY2d 853 [2000]; People v Lucas, 25 Misc 3d 1213[A], 2009 NY Slip Op 52085[U] [Crim Ct, Kings County 2009].) On August 21, 2015, the People did not serve and file DBS; the court instructed the People to serve and file DBS off-calendar and adjourned the matter until October 5, 2015 for any necessary hearings and trial. The People are entitled to a reasonable adjournment to prepare for hearings and trial and accordingly, for CPL 30.30 purposes, the time period from August 21, 2015 until October 5, 2015 is excludable time.
C. For CPL 30.30 purposes, seven days are chargeable during the period between October 5, 2015 and October 12, 2015.
Post-readiness delays can be chargeable to the People only if they become unready. (People v Anderson, 66 NY2d 529 [1985].) When a case is in a post-readiness posture, for CPL 30.30 purposes specific adjournments requested by the People are chargeable as non-excludable time, but adjournments that extend beyond the specific adjournment requested by the People are excluded time. (People v Bruno, 300 AD2d 93, 95 [1st Dept 2002], lv denied 100 NY2d 641 [2003]; People v Dushain, 247 AD2d 234, 236 [1st Dept 1998], lv denied 91 NY2d 1007 [1998].) As discussed above, on October 5, 2015, the People were not prepared to proceed and requested a seven-day adjournment. Therefore, notwithstanding that the court adjourned the case until November 5, 2015, for CPL 30.30 purposes only the seven-day period actually requested by the People is chargeable as non-excludable time.
D. For CPL 30.30 purposes, 12 days are chargeable during the period between November 5, 2015 and November 17, 2015.
As discussed above, on November 5, 2015, the People were not prepared to proceed because the assigned Assistant District Attorney was out of the office and requested a 12-day adjournment. Therefore, notwithstanding that the court adjourned the case until November 30, 2015, for CPL 30.30 purposes only the 12-day period actually requested by the People is chargeable as non-excludable time.
*225 E. For CPL 30.30 purposes, seven days are chargeable during the period between November 30, 2015 and December 7, 2015.
As discussed above, on November 30, 2015, the People were not prepared to proceed because the arresting officer was on his regular scheduled day off and requested a seven-day adjournment. Therefore, notwithstanding that the court adjourned the case until January 13, 2016, for CPL 30.30 purposes only the seven-day period actually requested by the People is chargeable as non-excludable time.
F. For CPL 30.30 purposes, no time is chargeable between January 13, 2016 and March 9, 2016.
An adjournment for motion practice and the period during which the motion is “under consideration by the court” is excludable time. (CPL 30.30 [4] [a]; People v Stewart, 57 AD3d 1312, 1314 [3d Dept 2008].) As discussed above, the defendant filed the instant motion on January 13, 2016 and the matter was adjourned until January 29, 2016 for the People’s opposition papers. On January 29, 2016 the People served and filed opposition papers and the matter was further adjourned until March 9, 2016 for the court’s decision on the defendant’s motion. Therefore, for CPL 30.30 purposes, the time period from January 13, 2016 until March 9, 2016 is excludable time.
In total, therefore, the court finds that 26 days of non-excludable time are chargeable pursuant to CPL 30.30 and accordingly, the branch of the defendant’s motion to dismiss pursuant to CPL 30.30 is denied.
IV. Conclusion
For the reasons, and upon the points and authorities set forth herein above, the defendant’s motion is denied in its entirety.

. If one’s ability to operate a motor vehicle is “impaired” by the consumption of alcohol (and one is not intoxicated) one is guilty of a traffic infraction and not a crime. (See Vehicle and Traffic Law § 1192 [1].) To be clear, Vehicle and Traffic Law § 1192 (3), driving while intoxicated, provides that “[n]o person shall operate a motor vehicle while in an intoxicated condition.” Vehicle and Traffic Law § 1192 (2) also prohibits driving while “intoxicated” and clarifies that a person is per se intoxicated when such person has a .08 of one per centum or more by weight of alcohol in the person’s blood.

. Vehicle and Traffic Law § 114-a and Public Health Law § 3306 make clear that for the purposes of Vehicle and Traffic Law § 1192 (4), the proscribed drugs include cocaine.